364 So.2d 634 (1978)
ENTERPRISE PRODUCTS COMPANY, Plaintiff-Appellant,
v.
Arvis E. WHITMAN, Sheriff and Ex-Officio Tax Collector of the Parish of Bienville, Defendant-Appellee.
Nos. 13654, 13655.
Court of Appeal of Louisiana. Second Circuit.
October 30, 1978.
Writ Refused January 26, 1979.
*635 Liskow & Lewis by John M. Wilson and George J. Domas, New Orleans, for plaintiff-appellant.
Whitten & Blake by Leon H. Whitten, Jonesboro, McCollister, McCleary, Fazio, Mixon & Holliday by D. Irvin Couvillion and Neil H. Mixon, Jr., Baton Rouge, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
Plaintiff, Enterprise Products Company, appeals from a judgment rejecting its demand for the return of certain ad valorem taxes paid under protest to the sheriff and tax collector of Bienville Parish, and ordering it to pay attorney's fees. We affirm the judgment rejecting the demand for recovery of the taxes paid and reverse the judgment ordering plaintiff to pay attorney's fees.
As the stipulated facts establish, Enterprise is engaged in the business of transporting and selling in both interstate and intrastate commerce, liquid petroleum gas products ("LPG") purchased from producers in Louisiana and in other states. The purchased LPG is transported across the state of Louisiana by means of pipelines, trucks and tank cars. The LPG is stored in underground facilities located in Bienville Parish prior to shipment and delivery to customers both in and out of the state of Louisiana. The LPG purchased from both in-state and out-of-state producers is commingled in the facility and deliveries from the commingled supply are made to purchasers in Louisiana and outside the state.
In 1975 and 1976 both the fixed assets at the storage facility and the LPG in storage were assessed for taxation by the assessor of Bienville Parish. For both years Enterprise paid the total tax due but notified the tax collector that the portion of the tax attributable to the LPG in storage was being paid under protest pursuant to LSA-R.S. 47:2110. Pursuant to that statute suits to recover the tax paid under protest, together with 2 percent interest from the date of payment, were timely filed. Subsequently, taxes for 1977 were assessed and paid on the same basis and by joint motion of the parties, recovery of that year's taxes is included within the scope of this litigation.
In these suits, Enterprise contended that it was erroneously and illegally taxed by the defendant because the tax was prohibited by the commerce clause of the United States Constitution and because the LPG was exempted from taxation by La.Const. art. 7, § 21(D)(3). The defendant-tax collector filed a reconventional demand for attorney's fees pursuant to LSA-R.S. 47:1998 totaling 10 percent of the amount of taxes paid under protest.
After trial on stipulated facts the trial court held that (1) the commerce clause of the Constitution of the United States does not prohibit ad valorem taxation of the LPG stored in Bienville Parish regardless of the point of origin or its final destination; (2) that La.Const. art. 7, § 21(D)(3) does not exempt the LPG from ad valorem taxation; and (3) that the attorney's fee of 10 percent of the amount of taxes paid under protest was due. From a judgment rendered accordingly, Enterprise appealed.
On appeal Enterprise has abandoned its contention that the commerce clause of the United States Constitution prohibits state property taxation of the LPG in storage within the state of Louisiana. The issues on appeal are: (1) whether Enterprise's liquor petroleum products in storage in Bienville Parish are exempted from ad valorem taxation under La.Const. art. 7, § 21(D)(3) and its companion statute LSA-R.S. *636 47:1951.3; and (2) whether a taxpayer who pays ad valorem taxes under protest and then unsuccessfully seeks recovery of the tax paid under LSA-R.S. 47:2110 is liable for attorney's fees of 10 percent of the amount of taxes paid under LSA-R.S. 47:1998.
Further expanding on the stipulated facts, in 1975 Enterprise purchased a total of 47,730,941 gallons of LPG, with 29,345,998 gallons purchased from states other than Louisiana and 18,384,943 gallons purchased in the state of Louisiana. Enterprise sold a total of 38,836,612 gallons of LPG with 4,173,801 gallons sold in the state of Louisiana and 34,662,811 gallons sold outside of Louisiana. The amount of LPG stored at the Bienville Parish facilities at any one time during 1975 varied from a low of approximately 12,000,000 gallons to a high of approximately 25,500,000. The average volume stored was 16,085,846 gallons. There is an average turnover of storage volume in the year of 2.4 and the average months of storage, on a first-in, first-out basis, was five months. The amount of taxes assessed and paid under protest for the year was $31,111.20.
During the year 1976 Enterprise purchased a total of 29,043,399 gallons of LPG, 13,976,824 gallons having been purchased in states other than Louisiana and 15,066,575 gallons having been purchased within the state of Louisiana. Enterprise sold a total of 26,093,933 gallons in 1966 with 9,872,672 gallons being sold within the state and 16,221,261 outside the state. The amount of gas stored at the facilities at any one time during 1976 varied from a low of zero to a high of approximately 22,440,000 gallons. The average storage volume in 1976 was 11,031,000 gallons and there was a turnover of average storage volume of 2.37 and an average month of storage of 5.06 months. The tax paid under protest amounted to $60,654.08.
The record does not contain detailed figures for 1977 but the amount paid under protest for that year was $46,538.90.
Tax Exemption
La.Const. art. 7, § 21(D)(3) on which plaintiff relies, exempts from taxation:
"Goods, commodities, and personal property in public or private storage while in transit through this state which are moving in interstate commerce through or over the territory of the state or which are in public or private storage within Louisiana, having been shipped from outside Louisiana for storage in transit to a final destination outside Louisiana, whether such destination was specified when transportation began or afterward."
The companion statute, LSA-R.S. 47:1951.3, upon which plaintiff relies, provides as follows:
"For the purpose of ad valorem taxation, raw materials, goods, commodities and personal property stored in transit in the state while moving in interstate commerce shall not be treated as incorporated into the mass of the property in this state during the time that such raw materials, goods, commodities or personal property, received from outside the state, are held by any owner in public or private storage to be shipped to a point outside the state of Louisiana, whether specified when transportation begins or afterward.
"All such property whether entitled to exemption or not shall be reported to the proper taxing authority on the forms required by law."
The provision in the 1974 Constitution, with minor style and grammatical changes, is a continuation of La.Const. art. 10, § 4, subsection 19(c) (1921), which was adopted as a constitutional amendment in 1960, and which exempted:
"All goods, commodities and personal property in public or private storage while in transit through this State which is (i) moving in interstate commerce through or over the territory of the State of Louisiana, or (ii) which is in public or private storage within the State of Louisiana having been shipped thereto from outside of the State of Louisiana for storage in transit to a final destination out-side *637 of the State of Louisiana, whether such destination was specified when transportation begins or afterward. All such property whether entitled to exemption or not shall be reported to the proper taxing authority on the forms required by law."
Enterprise argues that even if the commerce clause of the United States Constitution does not prohibit ad valorem taxation of certain commodities, a state may elect to exempt such commodities from such taxation. It contends the Louisiana constitutional exemptions are separate and distinct from the protection afforded by the commerce clause of the United States Constitution. It is Enterprise's position that although Louisiana is not prohibited by the federal constitution from taxing the property involved in this case, the state has elected through the constitutional provision to exempt from ad valorem taxation commodities such as liquid petroleum gas products stored temporarily in this state when such products are shipped from points both within and outside the state, in measurable quantities, to the state for temporary storage in a commingled state and subsequently shipped, in measurable quantities, to points both within and outside of the state of Louisiana. Appellants attempt to analyze the specific language of the constitutional provision to show that it applies to the facts of this case, and, particularly, to the gas shipped from outside Louisiana for storage in transit to a final destination outside Louisiana, whether such destination was specified when transportation began or afterward.
The tax collector contends and the trial court held that the exemption adopted by constitutional amendment in 1960 was essentially a codification of the federal law and jurisprudence governing the power of local governments to tax commodities in storage while in transit in interstate commerce. The general rule at that time, as expressed in Gulf Refining Co. of Louisiana v. Phillips, 11 F.2d 967 (5th Cir. 1926), cert. denied 273 U.S. 697, 47 S.Ct. 93, 71 L.Ed. 845 (1926), and other cases, was that goods would be considered in transit in interstate commerce and not subject to local taxation where the storage or delay was due to transportation, safety, or natural cause reasons but would not be considered in transit and would be subject to local taxation where the storage or interruption was due to an intentional detention for the beneficial and business purposes and convenience of the owner.
We agree with the tax collector's contentions and with the decision of the trial court. The Louisiana constitutional exemption exempts goods and commodities stored in transit in interstate commerce which the state would have been prohibited from taxing under federal law as it existed at that time. Since the LPG stored in this state for business purposes of the owner is not considered as being in transit in interstate commerce, there was no federal prohibition against its taxation and likewise no exemption under the Louisiana constitutional provision.
This view is entirely consistent with the decision of the Louisiana Supreme Court in American Mannex Corporation v. Cronvich, 251 La. 1014, 207 So.2d 778 (1968). That case involved an interpretation of La.Const. art. 10, § 4(19(c)) (1921) which provided an exemption from ad valorem taxation relating to imports and exports and was adopted by constitutional amendment in 1960 at the same time as the constitutional exemption involved in this case. There the court held:
"The provisions of our constitutional amendment clearly reveal, we think, an effort on the part of the Louisiana lawmakers to codify generally the jurisprudence of the Supreme Court of the United States in the form of conditions under which the constitutional immunity of imports from local taxation will be recognized and enforced. . . ."
The court found that the exemption from state taxation provided by the Louisiana constitutional provision was simply a legislative statement of doctrine long recognized by federal law.
Appellant analyzes the language of the Louisiana constitutional provision, argues *638 that it establishes at least two separate exemptions, and attempts to bring the facts of this case within the language of one or more of the exemptions. The constitutional provision, both as originally contained in the 1921 Constitution and as carried forward in the 1974 Constitution, is no grammatical masterpiece. However, even if it be viewed as creating two exemptions under different circumstances, the requirement of storage "in transit" appears in both exemptions. It is clear that the exemption granted by the constitutional provision relates only to goods or commodities "in transit". While "in storage" denotes some delay, detention, or holding, the requirement of "in transit" remains. Where, as here, the LPG is held in storage in a commingled state for an average period of five months for the business and economic purposes of the owner, subject to subsequent sale and delivery to customers both within and outside of the state, it cannot be said that the goods are in storage while "in transit", regardless of origin.
It is a well-established principle of statutory construction that claims of exemption from a tax are strictly construed against the person claiming the exemption. Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958).
We hold that the liquid petroleum gas in storage under the stipulated facts of this case does not fall within the constitutional exemption from taxation and is subject to ad valorem taxation.
Attorney's Fees
These suits were brought by plaintiff under LSA-R.S. 47:2110 attacking the legality of the tax on the stored LPG and seeking recovery of taxes paid under protest. LSA-R.S. 47:2110 provides that any person resisting the payment of any amount of tax found due shall pay the amount found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for recovery of the tax. The suit must be filed within 30 days and if the taxpayer prevails the tax is refunded with interest at the rate of 2 percent per annum. The right to sue for recovery of a tax paid under protest affords a legal remedy and right of action for full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax or the method of enforcement thereof. The right of action provided in this section is in addition to any rights elsewhere provided including LSA-R.S. 47:1998. No mention is made of attorney's fees.
LSA-R.S. 47:1998 establishes a procedure for judicial review of assessments and gives any taxpayer in the state, who has followed certain procedures, the right to institute suit for the purpose of contesting the correctness or legality of any assessment made. Section 1998 provides that the attorney who represents the tax collector in all proceedings for the reduction of assessments and collection of taxes shall receive a compensation of 10 percent of the amount collected, calculating same upon the aggregate amount of taxes and penalties so collected as the result of the proceedings and shall be collected as costs at the same time the taxes and other penalties are collected.
The two statutes, LSA-R.S. 47:1998 and 47:2110, provide two separate and distinct actions and remedies. See Churchill Farms, Inc. v. Louisiana Tax Commission, 249 So.2d 594 (La.App. 4th Cir. 1971), writ refused 259 La. 321, 249 So.2d 923 (1971), a suit brought under 47:1998, and Churchill Farms, Inc. v. Louisiana Tax Commission, 338 So.2d 963 (La.App. 4th Cir. 1976), a suit brought under 47:2110. LSA-R.S. 47:1998 provides for attorney's fees and LSA-R.S. 47:2110 does not.
Colonial Pipeline Co. v. Traigle, 353 So.2d 728 (La.App. 1st Cir. 1977), writ refused 354 So.2d 569 (La.1978), involved a similar question of attorney's fees in a case involving franchise taxes. The taxpayer brought suit under LSA-R.S. 47:1576 which provides a method for payment under protest of a disputed tax and further provides a remedy at law for recovery of such amounts paid when application of the disputed tax to that particular taxpayer is invalid. That section, *639 adopted into law at the same time as the section on ad valorem taxes with which we are dealing in this case, also contains no provision for attorney's fees. The tax collector claimed ten percent attorney's fees under LSA-R.S. 47:1512. The court held that the tax collector was not entitled to recover attorney's fees in a suit brought to recover taxes paid under protest. See also Parish of Calcasieu, Calcasieu Par. Pol. J. v. Traigle, 296 So.2d 418 (La.App. 1st Cir. 1974) and L. A. Frey & Sons v. Lafayette Parish School Board, 262 So.2d 132 (La.App. 3d Cir. 1972).
We believe the same result is called for in this case. The source provision of LSA-R.S. 47:2110 was adopted pursuant to constitutional mandate that the Legislature shall provide for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him. La.Const. art. 10, § 18 (1921), carried forward as La.Const. art. 7, § 3. This source provision was adopted subsequent to the source provision of LSA-R.S. 47:1998. It provides a separate remedy than that contemplated by Section 1998. Section 1998 contemplates collection of taxes and penalties not previously paid and Section 2110 contemplates litigation over taxes previously paid and on which no penalties are due.
We hold that the tax collector is not entitled to collect attorney's fees of 10 percent under LSA-R.S. 47:1998 in a suit brought by a taxpayer for recovery of taxes paid under protest under LSA-R.S. 47:2110.
For the reasons assigned, the judgment of the district court rejecting plaintiff's demands for recovery of taxes paid under protest is affirmed and the judgment of the district court awarding the tax collector attorney's fees in the amount of 10 percent of the amount of taxes paid is reversed and set aside.
Affirmed in part, reversed in part, and rendered.