Dear Mr. Bailey:
You requested the opinion of this office on the following issue:
 Whether Company A's inventory purchased out-of-state with a destination of purchase being the business location of Company A is entitled to an exemption for ad valorem taxes based upon La. R.S. 47:1951.3 or Art. VII, Section 21(D) of the Louisiana Constitution of 1974?
You further advised that the inventory is kept at Company A's location until sold to customers, 99% of which are located outside of Louisiana.
The Louisiana Constitution of 1974, Art. VII, Section21(D)(3) provides in pertinent part that,
 "Goods, commodities, and personal property in public or private storage while in transit through this state which are moving in interstate commerce through or over the territory of the state or which are in public or private storage within Louisiana, having been shipped from outside Louisiana for storage in transit to a final destination outside Louisiana, whether such destination was specified when transportation began or afterward." (Emphasis supplied.)
La. R.S. 47:1951.3 provides that:
 "For the purpose of ad valorem taxation, raw materials, goods, commodities and personal property stored in transit in the state while moving in interstate commerce shall not be treated as incorporated in the mass of the property in this state during the time that such raw materials, goods, commodities or personal property, received from outside the state, are held by any owner in public or private storage to be shipped to a point outside the state of Louisiana, whether specified when transportation begins or afterward.
 All such property whether entitled to exemption or not shall be reported to the proper taxing authority on the forms required by law." (Emphasis supplied.)
The above mentioned provisions have been judicially interpreted in the case of Mississippi River Transmission Corp. v. Simonton, 442 So.2d 764 (La.App. 2d Cir. 1983). Mississippi River Transmission Corp. was a natural gas company which filed suit to recover ad valorem taxes, paid under protest, on natural gas inventory stored by the company in its underground storage fields. The Court of Appeals held that taxation of gas stored by the company for its economic purpose and business benefit was permissible under the Commerce Clause of the United States and the Louisiana Constitution of 1974 Art. VII, Sec. 21(D)(3) and R.S. 47:1951.3 did not prohibit ad valorem taxation of such gas in storage. The Court stated:
 The commerce clause prohibits taxation by the states of property which is in transit in interstate commerce. However, by reason of a break or interruption in the interstate transit, the property may be deemed to have come to rest within a state and become subject to the power of the state to impose a non-discriminatory property tax. The crucial question to be settled in determining whether property moving in interstate commerce is subject to local taxation is that of its "continuity of transit". Carson Petroleum Co. v. Vial, 279 U.S. 95, 101, 49 S.Ct. 292, 293, 73 L.Ed. 626, 629 (1929).
 The general rule is that the interstate transit is continuous and the property is not subject to local taxation where the storage or delay is due to transportation, safety, or natural cause reasons. This immunity from local taxation is lost where the interruption is due to an intentional detention for the beneficial and business purposes and convenience of the owner. Enterprise Products Co. v. Whitman, 364 So.2d 634 (La.App. 2d Cir. 1978) writ denied 366 So.2d 916
[La.] 1979). "The question is always one of substance, and in each case it is necessary to consider the particular occasion or purpose of the interruption during which the tax is sought to be levied." (Emphasis supplied.)
The court held that Article VII, § 21(D)(3) is essentially a codification of Federal law as it existed at the time of the enactment of its predecessor provision and it exempts goods and commodities stored in transit in interstate commerce which the State would have been prohibited from taxing under existing Federal law. The court found the gas was stored for business purposes and thus was not considered to be in transit in interstate commerce. The Louisiana constitutional provision relates only to goods or commodities in transit.
Based upon the limited facts set forth in your opinion request, it appears that Company A's purpose for storing the products at its location in the state is because of an intentional detention for the beneficial and business purposes and convenience of Company A, as opposed to safety, transportation or natural cause reasons. If so, interruption of commerce has occurred and the Company's inventory would be subject to taxation.
Trusting this adequately responds to your inquiry, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI:MSH:jav/2851m