EDWARDS, Judge.
Plaintiff, Rowan Companies, Inc. (Rowan), appeals the grant of a peremptory exception raising the objection of no cause of action which dismissed its action for a rule to tax costs. The basis for plaintiffs claim in this ease is $122,223.71 incurred by the plaintiff in costs and attorney’s fees in a prior suit (the background to which is explained below) in which plaintiff prevailed on the merits of a tax assessment protest. Plaintiff contends that its claim is authorized by 42 U.S.C. § 1988, which provides that the court, in its discretion, may award attorney’s fees as part of the costs to the prevailing party in any action to enforce a provision of certain sections of the Civil Rights Act. Plaintiff claims that it prevailed in establishing a violation of the commerce clause of the U.S. Constitution as well as a violation of § 1983 of the Civil Rights Act; and therefore, attorney’s fees should have been awarded pursuant to § 1988.
The trial court found that although Rowan had prevailed in the prior litigation, it had done so on the basis of a finding of a violation of the Louisiana Constitution. The trial court sustained the peremptory exception raising the objection of no cause of action[1] and noted that since the commerce clause violation had not even been addressed by the lower court in the prior litigation, § 1988 was inapplicable to the rule to tax costs before it.
Background Litigation
Rowan is the owner of a maritime jackup drilling rig known as Gorilla IV. On January 1, 1987, the Gorilla IV was anchored in the Port of Plaquemines to complete the installation of its three jackup legs, which task was unable to be completed earlier due to the height of the bridges over the Mississippi River. The Parish of Plaquemines (Parish) assessed the Gorilla IV for ad valorem personal property taxes, in the amount of $171,-228.25. Rowan appealed the assessment to Plaquemines Parish Board of Review, which board sustained and approved the assessment. Rowan furthered its appeal to the Louisiana Tax Commission, which also sustained the assessment.
Rowan then paid, under protest, the full amount of the assessment to the Sheriff and Tax Collector for the Parish, Ernest Wooton (Wooton), together with written notice of its intent to file suit within thirty days of the payment. Rowan then filed suit in the Nineteenth Judicial District Court in furtherance of its appeal of the assessment maintaining that the assessment of personal property tax on the Gorilla IV (while in transit) was a violation of the due process and commerce clauses of the U.S. Constitution and also a violation of Art. 7, §§ 21(D)(3) and 21(C)(16) of the Louisiana Constitution of 1974. LSA-Const. Art. 7, § 21(D)(3) provides a property tax exemption for property in transit in interstate commerce.[2] LSA-Const. Art. 7, *161 § 21(0(16) provides a property tax exemption for “ships and oceangoing tugs, towboats, and barges engaged in international trade and domiciled in Louisiana ports.” The trial court[3] rendered judgment in favor of Rowan and against the defendants based on its finding that Gorilla IV was “in transit” pursuant to LSA-Const. Art. 7, § 21(D)(3) and was “engaged in international trade” pursuant to Art. 7, § 21(C)(16), and accordingly was exempt from property taxation. The defendants appealed that decision, and this court affirmed, essentially adopting the trial court’s mitten reasons for judgment. See Rowan Companies, Inc. v. Louisiana State Tax Commission, 563 So.2d 951 (La.App. 1st Cir.1990). The Supreme Court denied writs of certiorari, (see 567 So.2d 1130 (La.1990)) and that decision is now final.
Approximately one month later, pursuant to the final judgment, the Parish returned to Rowan the funds which had been paid by Rowan, under protest. Rowan accepted the funds, but refused to execute a general tort release entitled “Receipt and Release” which had accompanied the payment. The next day, however, a “Satisfaction of Judgment” was executed between the parties acknowledging that Rowan had received the funds which were the subject of the trial court’s judgment.
Present Litigation
On September 5, 1991, Rowan filed the rule to tax costs which is the matter presently before us. Defendants filed numerous exceptions, including the peremptory exception of no cause of action which was sustained. The issue now is whether Rowan is entitled, pursuant to 42 U.S.C. § 1988, to recover the attorney’s fees incurred in successfully establishing that the tax assessment was unconstitutional. Rowan’s argument concerning its entitlement to attorney’s fees can be summarized as follows: (1) the claim it made against the defendants in the original protest petition was factually based on the commerce clause of the U.S. Constitution; (2) the commerce clause confers “rights, privileges or immunities” within the meaning of 42 U.S.C. § 1983; (3) therefore, its claim under the commerce clause factually stated a demand for recovery under § 1983; and (4) Rowan, having prevailed on the merits of its claim (i.e., having successfully established a violation of the commerce clause), is now entitled to the recovery of costs incurred in that prior litigation pursuant to § 1988.[4]
The defendants claim that Rowan is improperly seeking relitigation of the federal claim which was already presented, adjudged and made final in Rowan Companies, Inc. v. La. State Tax Commission, 563 So.2d 951 (La.App. 1st Cir.), writ denied, 567 So.2d 1130 (La.1990), and as such, the plaintiff failed to state a cause of action, and the action filed was untimely or prescribed. Defendants further claim that in the prior litigation, the trial court did not find that there had been a violation of the commerce clause of the U.S. Constitution, and thus there exists no basis for an award of attorney’s fees to Rowan in this matter.
The trial court essentially rejected both theories, stating in oral reasons for judgment:
The Nineteenth J.D.C., my predecessor, and correctly so, he found that at all times the giant rig, Rowan Gorilla IV, was in transit and should not have been taxed. The problem with the case, this rule, is that even though Rowan pleaded a violation of the commerce clause, no court, in my opinion, ever considered this issue.
Rowan is incorrect in alleging that the court found a U.S. commerce clause violation, and the defendant is incorrect in saying that no such violation was found. The *162 issue was simply not addressed, in my opinion.
[[Image here]]
I overrule every exception except your no cause. I sustain the exception of no cause set forth by the defendant in the rule since the commerce clause is never addressed.
After a thorough review of the record and applicable jurisprudence, and for the reasons outlined below, we find merit in plaintiffs argument, reject the defendants’ argument, and reverse the judgment of the trial court which sustained the exception of no cause of action.
Discussion
The commerce clause of the U.S. Constitution (Art. I, § 8 cl. 3) prohibits taxation by the states of property which is in transit in interstate commerce. Our courts have held that LSA-Const. Art. 7, § 21(D)(3) is essentially a codification of Federal law as it existed at the time of the enactment of its predecessor provision and exempts goods and commodities stored in transit in interstate commerce which the state would have been prohibited from taxing under existing Federal law. Mississippi River Transmission Corporation v. Simonton, 442 So.2d 764, 770 (La.App. 2nd Cir.1983), writ denied, 444 So.2d 1240 (La.1984), appeal dismissed, cert. denied 469 U.S. 803, 105 S.Ct. 58, 83 L.Ed.2d 9 (1984); Enterprise Products Company v. Whitman, 364 So.2d 634, 637 (La.App. 2nd Cir.1978), writ denied 366 So.2d 916 (La.1979).
In the judgment rendered in the original suit regarding the tax assessment, the trial court made the conclusory statement that the “Gorilla IV was in transit pursuant to Louisiana Constitution of 1974, Article 7, Section 21, Paragraph (D)(3).” Further, in its written reasons for judgment, the trial court stated there was no “break in the ‘continuity of transit’ ” which would authorize taxation. Although the lower court expressly cited the Louisiana Constitution as the basis for its decision, we find that it implicitly also considered and found a violation of the U.S. Constitution. In reaching its conclusion, the trial court expressly applied the federal constitutional burden of proof, and cited three Supreme Court cases in support of its conclusion regarding the federal standard of “continuity of transit.” Therefore, we disagree with the trial court’s conclusion in this matter that the federal constitutional issue was not addressed in the prior litigation. Nor do we agree with the defendants that the lower court decided that there was no commerce clause violation. To the contrary, we find that the lower court did consider and found merit in plaintiffs allegations regarding a violation of the U.S. Constitution.
Furthermore, assuming arguendo that the lower court had not addressed or decided the federal constitutional claim, we find that such express determination is not necessary for an award of attorney’s fees pursuant to § 1988. The U.S. Supreme Court has held that “[njothing in the language of § 1988 conditions the District Court’s power to award fees on full litigation of the issues or on a judicial determination that the plaintiffs nghts have been violated. ... [Cjlearly Congress was not limited to awarding fees only when a constitutional or civil rights claim is actually decided.” Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (emphasis added); see also Smith v. Robinson, 468 U.S. 992, 1005-06, 104 S.Ct. 3457, 3465, 82 L.Ed.2d 746 (1984).
In the case before us, the petition reflects that the Louisiana constitutional claim and the federal constitutional claim are based on the same exact set of facts, and the legal principles controlling both claims are essentially identical. The lower court’s failure to expressly address the federal constitutional claim is consistent with the long standing principle that our courts will not consider constitutional challenges unless necessary to the resolution of a dispute. See Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981).
Also, in Louisiana, pleading the theory of the case is rejected and recovery may be had under any legal theory justified by the facts pleaded in the petition. Hughes v. Livingston Parish School Board 459 So.2d *163 10, 12 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1250 (La.1985). Our review of the petition filed in this matter reveals that Rowan factually stated a demand for recovery under federal law, specifically, the commerce clause of the U.S. Constitution.
Further, the Supreme Court has recently held that since the commerce clause of the U.S. Constitution confers “rights, privileges or immunities” within the meaning of 42 U.S.C. § 1983, suits for violation of the commerce clause may be brought under § 1983. Dennis v. Higgins, 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991). We conclude, therefore, that Rowan’s petition factually stated a cause of action under 42 U.S.C. § 1983, and since it prevailed on the merits of that cause of action, § 1988 is applicable.
Appellate review of a denial of § 1988 attorney’s fees is governed by the abuse of discretion standard; nevertheless, the discretion afforded district courts to deny attorney’s fees to prevailing plaintiffs under § 1988 is exceedingly narrow. Further, a prevailing plaintiff should be awarded § 1988 fees, for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the underlying action, as a matter of course. Cruz v. Hauck, 762 F.2d 1230, 1233 (5th Cir.1985). In this case, Rowan prevailed in its tax assessment protest claim; however, it still had to make payment under protest, and defend its position in extensive litigation. The import of the erroneous assessment is clearly reflected in a statement made by the trial court in oral reasons in this matter:
It was a ninety million dollar rig and of course, precedence could have been set that would have cost Rowan Companies, Inc., millions of dollars down the line in ad valorem taxes. I don’t know if any other Parish besides Plaquemines would have taken a shot at that, but they did. They, obviously, saw the possibility of great revenues.
Rowan successfully protested the tax assessment and proved that it was invalid. Rowan refused to execute a general tort release after judgment on the merits, thus reserving its right to make this claim for fees. Under the facts and circumstances of this case, we find that the trial court erred in finding § 1988 inapplicable and in sustaining the exception of no cause of action. Pursuant to § 1988, Rowan is entitled to attorney’s fees.
Although the trial court denied recovery of fees, it did state in its reasons for judgment: “I have no problem with the fees. I’m sure they are well deserved.” We have reviewed the record, however, and find no other indication that the evidence presented in support of the claimed fees was ever considered. We now remand to the trial court for a determination of an appropriate award of fees owed to Rowan pursuant to § 1988.
Accordingly, the portion of the judgment of the trial court sustaining defendants’ peremptory exception of no cause of action is reversed and this matter is remanded to the district court for further proceeding consistent herewith.
REVERSED IN PART, AND REMANDED.

. The trial court at this time also denied, without considering, the remaining exceptions which had also been filed by the defendants. The rulings on these exceptions may be appealed after a final judgment is rendered and signed.

. LSA-Const. Art. 7 § 21(D)(3) provides exemptions from ad valorem taxation for the following property:
Goods, commodities, and personal property in public or private storage while in transit *161 through this state which are moving in interstate commerce through or over the territory of the state or which are in public or private storage within Louisiana, for storage in transit to a final destination outside Louisiana, having been shipped from outside Louisiana, whether such destination was specified when transportation began or afterward.

. The Honorable Leo P. Higginbotham, Jr. presided over this matter at the time of the first litigation.

. Rowan maintains that the district court’s judgment, although expressly based on its finding that the Louisiana Constitution had been violated, is an implicit determination that the commerce clause of the U.S. Constitution was likewise violated.