Dear Ms. Michel:
You requested an Attorney General's opinion regarding Louisiana's Freeport Tax Exemption. You advise that several companies doing business in your Parish have requested the exemption for the 2006 tax roll. Because the exemption has not been requested in the past, you are requesting a clarification regarding the qualifications which must be met in order for a company to qualify for the exemption.
You indicate that Company A is a chemical manufacturing company that is no longer conducting manufacturing processes at its plant in your Parish. It is using its dock, pipelines and storage tanks to offload raw materials from out of the country for export to other states. The gas is pumped from the ships into the tanks for temporary storage, and remains in the tanks for such time as it takes to ship them by rail, river or truck. Company B is a chemical manufacturer that continues to produce goods from raw materials. They claim that a percentage of their inventory is not included in local manufacturing processes and is shipped to other states as raw materials.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, subject to the review of the Louisiana Tax Commission and, ultimately, the courts. Attorney General's Opinions Nos. 01-144, 00-54, 96-438 and 94-603. While the Attorney General does not have the authority to determine whether particular taxpayers and property are subject to tax exemption, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this State has consistently held that, constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and *Page 2 
affirmatively established. Zapata Haynie Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991) writ denied. Further, in Mattingly v. Vial, 193 La. 1, 190 So. 313 (1931), our Supreme Court held:
 There is no principle of interpretation more firmly and uniformly established by the jurisprudence of this and other States than the unbroken rule that exemptions from taxation are to be strictly construed against the person claiming the exemption and that any plausible doubt is fatal.
Article VII, Section 21 of the Louisiana Constitution provides, in pertinent part, the following:
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * * * *
 (D)(1) Raw materials, goods, commodities, and articles imported into this state from outside the states of the United States:
 (a) so long as the imports remain on the public property of the port authority or docks of the common carrier where they first entered this state;
 (b) so long as the imports (other than minerals and ores of the same kind as any mined or produced in this state and manufactured articles) are held in this state in the original form in bales, sacks, barrels, boxes, cartons, containers, or other original packages, and raw materials held in bulk as all or a part of the new material inventory of manufacturers or processors, solely for manufacturing or processing; or
 (c) so long as the imports are held by an importer in any public or private storage in the original form in bales, sacks, barrels, boxes, cartons, containers, or other original packages and agricultural products in bulk. This exemption shall not apply to these imports when held by a retail merchant as part of his stock-in-trade for sale at retail.
 (2) Raw materials, goods, commodities, and other articles being held on the public property of a port authority, on docks of any common carrier, or in a warehouse, grain elevator, dock, wharf, or public storage facility in this state for export to a point outside the states of the United States. *Page 3 
 (3) Goods, commodities, and personal property in public or private storage while in transit through this state which are moving in interstate commerce through or over the territory of the state or which are in public or private storage within Louisiana, having been shipped from outside Louisiana, for storage in transit to a final destination outside Louisiana, whether such destination was specified when transportation began or afterward.
La. R.S. 47:1951.1, which tracks the language contained in Article VII, Section 21, and defines the term "original container", provides:
 A. For the purposes of ad valorem taxation, raw materials, goods, commodities and other articles imported into this state from outside of the continental United States shall not be treated as incorporated into the mass of the property in this state:
 1. so long as such imports remain upon the public property of the port authority or docks of any common carrier where such imports first entered this state, or
 2. so long as any such imports (other than minerals and ores of the same kind as any mined or produced in this state and manufactured articles) are held in this state in the original form in bales, sacks, barrels, boxes, cartons, containers or other original packages, and raw material held in bulk as all or a part of the raw material inventory of manufacturers or processors, solely for manufacturing or processing, or
 3. so long as any such imports are held by an importer in any public or private storage in the original form in bales, sacks, barrels, boxes, cartons, containers or other original packages and agricultural products in bulk, and fish meal, fish oil or non-edible fish products in bulk or packaged. This provision shall not apply to a retail merchant holding such imports as part of his stock in trade for sale at retail.
 B. All such property whether entitled to exemption or not shall be reported to the proper taxing authority on the forms required by law.
 C. For the purpose of this Part, "original form" shall mean the smallest bale, sack, barrel, box, carton, container or other original package in which the raw materials, goods, commodities, or other articles can be divided and still be in an original container.
 La. R.S. 47:1951.3 provides that: *Page 4 
 For the purpose of ad valorem taxation, raw materials, goods, commodities and personal property stored in transit in the state while moving in interstate commerce shall not be treated as incorporated in the mass of the property in this state during the time that such raw materials, goods, commodities or personal property, received from outside the state, are held by any owner in public or private storage to be shipped to a point outside the state of Louisiana, whether specified when transportation begins or afterward.
 All such property whether entitled to exemption or not shall be reported to the proper taxing authority on the forms required by law.
Section 21(D) affords tax exempt status to raw materials, goods, commodities, and articles which are (1) imported into this state from outside the United States, but only if the requirements set forth in Section 21(D)(1)(a) — (c) are complied with, (2) being held for export to a point outside the United States and/or (3) being held in public or private storage while in transit to a final destination outside the State of Louisiana.
Section 21(D)(1)(a) requires that the imports remain on the public property of the port authority or the docks of a common carrier. If you determine that the imports are not on the docks of a common carrier, then the company in question would not be entitled to the exemption.
Section 21(D)(1)(b) applies only to imports held in this state in the original form in bales, sacks, barrels, boxes, cartons, containers or other original packages, and to raw material held in bulk as all or a part of the raw material inventory of manufacturers or processors, solely for manufacturing or processing. If the imports in question are not held in their original form or container, and are not held in bulk as all or part of the raw material inventory of a manufacturer or processor, then the exemption does not apply.
Section 21(D)(1)(c) applies only to imports that are held by an importer, in public or private storage, in the original form in bales, sacks, barrels, boxes, cartons, containers, or other original packages, but does not apply to imports held by a retail merchant as part of his stock-in-trade for sale at retail. If the imports in question are not held by an importer in the original form or original package, then the exemption does not apply.
Again, it is your responsibility, as assessor, to determine which, if any, of these factual situations exist so as to afford exemption from ad valorem taxation.
Section 21(D)(3) and R.S. 47:1951.3 have been judicially interpreted in the case of Mississippi River Transmission Corp.v. Simonton, 442 So.2d 764 (La.App. 2d Cir. 1983). Mississippi River Transmission Corp. was a natural gas company which filed *Page 5 
suit to recover ad valorem taxes, paid under protest, on natural gas inventory stored by the company in its underground storage fields. The Court of Appeals held that taxation of gas stored by the company for its economic purpose and business benefit was permissible under the Commerce Clause of the United States, and the Louisiana Constitution of 1974 Art. VII, Sec. 21(D)(3) and R.S. 47:1951.3 did not prohibit ad valorem taxation of such gas in storage. The Court stated:
 The commerce clause prohibits taxation by the states of property which is in transit in interstate commerce. However, by reason of a break or interruption in the interstate transit, the property may be deemed to have come to rest within a state and become subject to the power of the state to impose a non-discriminatory property tax. The crucial question to be settled in determining whether property moving in interstate commerce is subject to local taxation is that of its "continuity of transit". Carson Petroleum Co. v. Vial, 279 U.S. 95, 101, 49 S.Ct. 292, 293, 73 L.Ed. 626, 629 (1929).
 The general rule is that the interstate transit is continuous and the property is not subject to local taxation where the storage or delay is due to transportation, safety, or natural cause reasons. This immunity from local taxation is lost where the interruption is due to an intentional detention for the beneficial and business purposes and convenience of the owner. Enterprise Products Co. v. Whitman, 364 So.2d 634 (La.App. 2d Cir. 1978) writ denied 366 So.2d 916 [La.] 1979). "The question is always one of substance, and in each case it is necessary to consider the particular occasion or purpose of the interruption during which the tax is sought to be levied." (Emphasis added.)
The court held that Article VII, § 21(D)(3) is essentially a codification of Federal law as it existed at the time of the enactment of its predecessor provision, and it exempts goods and commodities stored in transit in interstate commerce which the State would have been prohibited from taxing under existing Federal law. The court found the gas was stored for business purposes and thus was not considered to be in transit in interstate commerce. The Louisiana constitutional provision relates only to goods or commodities in transit.
If a company's purpose for storing products at its location in the state is due to safety, transportation or natural cause reasons, then the company's inventory would be exempt from taxation under Section 21(D)(3) and R.S. 47:1951.3. If the purpose for storing products is because of intentional detention for the beneficial and business purposes and convenience of the company, the company's inventory would be subject to taxation. *Page 6 
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General