SCHOTT, Judge.
Plaintiff alleged in his petition for damages that sometime prior to September 28, 1972, “relative to a proceeding pending against him in the Criminal District Court for the Parish of Orleans” defendant Peerless had provided him with a surety bond; that on September 28 defendant Barroca, as an agent or employee of defendant Steve’s Bonding Company, abducted him from his place of employment to surrender him to the Criminal Sheriff for the Parish of Orleans; that in the course of that abduction while his hands were handcuffed behind him and while plaintiff was offering no resistance defendant Barroca sprayed chemical mace into his face causing him injury; that Barroca’s acts are imputable to Steve’s and Peerless under the doctrine of respondeat superior; and that he was then forcibly taken to Steve’s where he was again sprayed with mace and detained for a period of time before being surrendered to the Sheriff.
Barroca was never served and, according to the brief filed by Peerless in this Court, was deceased at the time of the trial. Steve’s and Peerless denied all of plaintiff’s allegations.
After a trial, plaintiff’s suit was dismissed with a judgment in favor of all defendants, including Barroca, from which judgment plaintiff has appealed.
Trial consisted of the testimony of the plaintiff and one witness. Plaintiff testified in December of 1971 after he was arrested and charged with an offense, the nature of which he could not recall, he went to Steve’s Bonding Company and secured a bond on the basis of which he was released from jail; that on September 28, 1972, while he was at work at a restaurant, an individual came in, put handcuffs on him, placed him into an automobile and then he sprayed mace into his face; the unidentified man told him, “I am from Steve’s Bonding,” and brought him to Steve’s office where he sat down and was again sprayed with mace; that “he was *436 hollering or something because the stuff was burning,” and he was sprayed a third time, whereupon he was brought to Parish Prison. He said that at no time did he offer any resistance, threaten the man or try to escape. The witness corroborated only the first part of his testimony to the effect that this unidentified man entered the restaurant, handcuffed plaintiff and brought him outside to an automobile, but she offered no testimony with respect to the spraying with mace. Plaintiff produced Charity Hospital records showing that on October 5 he did receive medical treatment and containing a history to the effect that plaintiff was well until six days previously “when he was arrested by the police who allegedly sprayed him in the face.” Another entry among these records by the outpatient department on October 5, 1972, says that the subject was sprayed in the face with mace by a bondsman the week before. Defendant admitted to a conviction on a theft charge in 1970.
Defendants offered no evidence in their behalf, and plaintiff relies on Campo v. LaNasa, 173 So.2d 365 (La.App. 4th Cir. 1964) in which it was held that uncontro-verted evidence should be taken as true to establish a fact for which it is offered, absent a showing of falsity or unreliability. See also Olds v. Ashley, 250 La. 935, 200 So.2d 1.
This doctrine is of doubtful applicability because here the crux of plaintiff’s case depends wholly upon his own testimony, which the trial judge rejected as unworthy of belief, and, indeed, the record does confirm a number of inconsistencies in plaintiff’s testimony. But even if plaintiff’s testimony were convincing, his evidence is deficient in that he failed to prove a relationship between the unidentified person who apprehended him and the defendants whom he seeks to cast in judgment. In the first place, the Allen Barroca originally named as a defendant but never made a party to this action was never identified as the person who sprayed mace on plaintiff. Furthermore, no evidence was produced to show that either Steve’s or Peerless had an employee or an agent by that name, or that the unidentified individual was an agent or employee of theirs.
Under LSA-C.C. Arts. 2317 and 2320, one is responsible for the damage occasioned by the act of another person for whom one is answerable, including masters and employers, for the damage occasioned by their servants in the scope of their employment. But, in order to hold a third party liable for the damage caused by a tort feasor plaintiff must allege and prove a relationship which forms the legal basis for the third party’s vicarious liability. In the instant case, the allegations of agency or employment of the tort feasor by Steve’s and Peerless were made but there is no evidence in the record to support such a relationship. Plaintiff relies on the circumstance that his bond had originally been purchased through Steve’s and written by Peerless and that the alleged tort feasor brought him back to Steve’s before turning him in to the Sheriff, but this is hardly sufficient to show that any legal relationship existed between Steve’s and Peerless on the one hand, and the alleged tort feasor on the other, so as to form a basis for vicarious liability on the part of these defendants.
Accordingly, the judgment in favor of Peerless Insurance Company and Stephen Ghergich, Jr., d/b/a Steve’s Bonding Company, is affirmed at plaintiff’s cost. However, since Allen Barroca was never served with a petition and citation, never made an appearance and therefore never became a party to these proceedings, the judgment is amended so as to delete therefrom the adjudication in his favor.
Amended and affirmed.