459 So.2d 10 (1984)
Willie HUGHES
v.
LIVINGSTON PARISH SCHOOL BOARD.
No. 83 CA 1024.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Rehearing Denied November 21, 1984.
Writ Denied January 25, 1985.
*11 Hobart O. Pardue, Jr., Springfield, Robert C. Williams, Baton Rouge, for plaintiff.
J. Donald Cascio, Denham Springs, for defendant.
Before WATKINS, CRAIN and ALFORD, JJ.
*12 ALFORD, Judge.
Defendant-appellant, Livingston Parish School Board, appeals an adverse award of attorney's fees granted to plaintiff-appellee, Willie Hughes, as a result of a reapportionment suit filed by Hughes.
The Livingston Parish School Board was authorized by LSA-R.S. 17:71.5 to reapportion itself based upon the 1980 census. On January 22, 1981, the school board finalized appointment of a reapportionment committee. On June 23, 1981, Hughes filed suit, demanding that the school board be reapportioned and that new elections be conducted for all school board members. Hughes also demanded attorney's fees. Hughes alleged that the multi-member voting districts used for school board elections violated Article 1, Section 3 of the Louisiana Constitution of 1974, and that he "is a victim of discrimination because of his race in that members of his race consist of approximately fifteen (15%) percent of the population of Livingston Parish, but there are no black members of the Livingston Parish School Board and that their voting strength is diluted..."
According to defendant, the United States Department of Commerce certification of the 1980 census was obtained on October 14, 1981. The record indicates that a default judgment was secured on November 20, 1981. This default judgment was subsequently annulled and a new trial was granted. The following skeletal chronology of events is evidenced by the record. On February 18, 1982, the school board formally resolved to reapportion itself into nine single-member districts. The resolution was received by the United States Attorney General on February 26, 1982, and supplemented on March 5, 1982. An approval letter from the Attorney General's office to the school board's lawyer is dated May 4, 1982. On March 21, 1983, Hughes' suit was dismissed, reserving to Hughes his claim for attorney's fees only. On May 24, 1983, attorney's fees were awarded to Hughes in the amount of $6,937.50.
The general rule of law is that attorney's fees are not allowed except when authorized by statute or contract. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984). There is no contractual basis for attorney's fees in this case. Further, we are not aware of nor have we been cited to any Louisiana statute which would allow attorney's fees in an action of this kind based on Louisiana law. Accordingly, we note that an award of attorney's fees in this case based on Louisiana law would be erroneous.
However, Hughes' petition clearly alleges discrimination based upon race due to the multi-member districts of the Livingston Parish School Board. The Louisiana Code of Civil Procedure sets forth a system of fact pleading. LSA-C.C.P. arts. 854, 891, 1003, 1004. Pleading the theory of the case is rejected and recovery may be had under any legal theory justified by the facts pleaded in the petition. Franklin v. Able Moving & Storage Co., Inc., 439 So.2d 489 (La.App. 1st Cir.1983). Accordingly, we find that Hughes factually stated a demand for recovery under federal law, specifically, 42 U.S.C.A. § 1983.[1]
Absent congressional intent to vest exclusive jurisdiction of federal claims in federal courts, state courts have concurrent jurisdiction to enforce rights under federal statutes. Since jurisdiction over suits brought under § 1983 has not been restricted to federal courts, an action thereunder *13 may also be maintained in state court. Ricard v. State, 390 So.2d 882, 883 (La.1980). The Federal Civil Rights Attorney's Fees Awards Act, 42 U.S.C.A. § 1988,[2] provides in pertinent part that in a civil action to enforce 42 U.S.C.A. § 1983 (among others) the trial court, "in its discretion may allow the prevailing party ... a reasonable attorney's fee as part of the costs." This section is applicable in state proceedings brought pursuant to 42 U.S. C.A. § 1983. Maine v. Thiboutot, 448 U.S. 1, 9, 100 S.Ct. 2502, 2506, 65 L.Ed.2d 555 (1980).
The standard for awarding attorney's fees under 42 U.S.C.A. § 1983 when a civil rights case has been mooted is stated in Coen v. Harrison County School Board, 638 F.2d 24, 26 (5th Cir.1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982).
It is undisputed that a plaintiff need not obtain formal relief in adversary proceedings to be a prevailing party for purposes of § 1988; it is enough that his suit has served to vindicate his rights, whether by court decision, consent judgment, or voluntary compliance by the defendant after the filing of the suit. The proper focus is on whether the plaintiff has succeeded on the central issue, as exhibited by the fact that he has obtained the primary relief sought. Iranian Students Ass'n [v. Edwards], 604 F.2d [352] at 353 [5th Cir.1979]; Criterion Club [v. Board of Com'rs of Dougherty County], 594 F.2d [118] at 120 [5th Cir.1979]; Brown [v. Culpepper], 559 F.2d [274] at 277 [5th Cir.1977]; Hanrahan v. Hampton, 1980, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670, 674; Robinson v. Kimbrough, 5 Cir. 1980, 620 F.2d 468, 475-76; S.Rep.No. 1011, 94th Cong., 2d Sess. 5, reprinted in (1976) U.S.Code Cong. & Ad.News 5908, 5912. To recover an attorney's fee, however, it is not sufficient the plaintiff has obtained what he asked for; it is also necessary that his suit be, if not the sole reason for his success, at least a major factor in bringing it about.
In other words, a plaintiff may recover under § 1988 if his lawsuit was a significant catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief.
Although the trial court issued no written reasons for judgment, we are of the opinion that he was well within his discretion in finding that Hughes was entitled to attorney's fees. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Defendant's witness testified on direct examination that Hughes' lawsuit did not prompt reapportionment. However, the trial court judge was in a better position to judge credibility on both direct and cross examination than are we. From his judgment, it is obvious to us that the testimony and the record taken together indicated that Hughes' lawsuit was, in fact, a "major factor" or "catalyst" in bringing about the result sought by the lawsuit. From our review of the record, we agree. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against defendant-appellant in the amount of $387.50.
AFFIRMED.
NOTES
[1] § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
School boards are amenable to suit under § 1983. Kingsville Independent Sch. Dist. v. Cooper, 611 F.2d 1109 (5th Cir.1980).
[2] § 1988 provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.