892 So.2d 772 (2005)
Kenneth R. ROBERTSON, Individually and as Executor of the Estate of Billy Roy Robertson, Plaintiff-Appellant,
v.
WEST CARROLL AMBULANCE SERVICE DISTRICT, et al, Defendant-Appellee.
No. 39,331-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2005.
*773 Sera H. Russell, III, Lafayette, for Appellant.
Watson, Blanche, Wilson & Posner, by Michael P. Wilson, Baton Rouge, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
As alleged in the petition, plaintiff's medical malpractice claim for the death of his father was based upon the actions of a doctor at a hospital owned by the appellee. Plaintiff's father was taken to the hospital after an automobile accident. Prior to the accident, plaintiff's father had been examined at the same hospital by members of appellee's nursing staff. Allegations of the nursing staff's negligence were never pled by plaintiff. Upon appellee's motion for summary judgment, plaintiff conceded his *774 claim for the doctor's post-accident negligence, but attempted to raise factual opposition based upon the pre-accident actions of the nurses. The trial court found that the transactional event concerning the nurses' actions was not before the court, and the motion for summary judgment was granted dismissing the appellee/hospital. From our review of the pleadings, we affirm the trial court's judgment.

Facts
On October 13, 1997, Billy Roy Robertson presented himself to the emergency room staff at West Carroll Memorial Hospital ("West Carroll") to have his blood pressure checked. No problems with the patient's vital signs were found. Robertson informed the nurses, however, that he had taken a sleeping pill prior to his visit, but was unable to sleep. The nurses offered an emergency room evaluation and arrangements for someone to take Robertson home. He declined both offers. Shortly after leaving the hospital, Robertson was involved in a one-car accident at approximately 11:00 p.m. Upon his striking a pole, Robertson was ejected from the vehicle and received numerous fractures. Robertson was transported back to West Carroll by the West Carroll Ambulance Service and again evaluated by the emergency room staff.
Dr. Noli Guinigundo examined Robertson after the accident and determined that he required treatment by an orthopedic specialist. Dr. Guinigundo called Dr. Douglas Liles who agreed to accept Robertson as a patient at St. Francis Medical Center in Monroe, Louisiana. Robertson was transported to Monroe by the West Carroll Ambulance Service and arrived at approximately 1:55 a.m. It is apparent that during or shortly after his arrival at the hospital, Robertson's vital signs ceased but he was successfully resuscitated. His condition deteriorated until his death on November 5, 1997.
On August 12, 1998, Robertson's son, Kenneth, filed suit individually, and on behalf of the estate of his father, against West Carroll Ambulance Service and West Carroll Volunteer Emergency Medical Services, alleging that these defendants were negligent in their transport of Robertson to St. Francis Medical Center. On May 17, 2001, Kenneth amended the suit to add Dr. Noli Guinigundo and West Carroll, for the care received by him during the "three (3) hour period" he was in the care of the defendants after the accident.
On June 22, 1998, Kenneth had also sought review of the claims against Dr. Guinigundo and West Carroll by a medical review panel which, on March 6, 2001, found no negligence on the part of either defendant for medical care before or after the accident. Thereafter, Dr. Guinigundo and West Carroll Ambulance Service were dismissed from the suit by summary judgment on January 17, 2003.
On May 6, 2004, West Carroll also sought a summary judgment on the grounds that Kenneth could not succeed in his claim because he had failed to identify any medical expert who would offer competent testimony supporting the allegations of medical malpractice of Dr. Guinigundo occurring after the accident. West Carroll also argued that because ample evidence existed to show that the hospital did not fall below the standard of care, summary judgment was appropriate. In support of the motion, West Carroll submitted copies of the petitions, the medical review panel opinion, an affidavit of one of the physicians serving on the panel, the deposition of Kenneth's expert, Debra Braun, R.N., and her report concluding that the nursing staff fell below the standard of care in its pre-accident treatment of Robertson.
*775 In opposition to the motion for summary judgment, Kenneth contended that his pleadings should be read to include the "pre-accident" negligence of the West Carroll nursing staff because no time frames were alleged and the allegations were broad enough to include such claims. Kenneth also pointed out that the medical review panel ruling addressed pre-accident negligence. On these grounds, Kenneth argued that his expert evidence of pre-accident negligence was adequate to support his cause of action against the hospital based upon inadequate nursing care. In support of his argument, Kenneth also attached a copy of the medical review panel opinion and the depositions of two nurses who rendered pre-accident treatment to Robertson.
The trial court granted summary judgment in favor of West Carroll, finding that the petition failed to mention pre-accident events and only referred to the three-hour post-accident treatment. The court found plaintiff's expert report, which addressed only pre-accident treatment, to be irrelevant and insufficient to show a breach of the standard of care after the accident. It is from this ruling that Kenneth has appealed.

Discussion
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837 (La.5/14/02), 817 So.2d 21. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Gray v. Investment Cars Unlimited, Inc., 36,691 (La.App.2d Cir.1/29/03), 836 So.2d 1184, writ denied, 03-0670 (La.5/2/03), 842 So.2d 1108.
In a medical malpractice action the plaintiff has the burden of proving the applicable standard of care, the breach of the standard of care, and the causal connection between the breach and the resulting injuries. Belt v. Wheeler, 36,585 (La.App.2d Cir.12/18/02), 833 So.2d 1256; Edwards v. Raines, 35,284 (La.App.2d Cir.10/31/01), 799 So.2d 1184. Generally at trial, a plaintiff must prove the applicable standard of care through expert medical testimony unless, the physician does an obviously careless act from which a lay person can infer negligence. Davis v. Atchison, 37,832 (La.App.2d Cir.10/29/03), 859 So.2d 931. Expert testimony is especially necessary where the defendant in a medical malpractice action has filed a motion for summary judgment supported by expert opinion evidence that the treatment met the applicable standard of care. Id. The opinion of the medical review panel may be considered by the court when ruling on a summary judgment motion. Edwards v. Raines, supra; Hinson v. Glen Oak Retirement Home, 34,281 (La.App.2d Cir.12/15/00), 774 So.2d 1134.
In this case, the parties' dispute focuses upon the issue of whether the pleadings are sufficient to allege claims relating to both the pre-accident negligence of the nurses and post-accident negligence of the doctor. In the initial petition, plaintiff made the following allegations against the ambulance service only:
3.
Plaintiff, KENNETH R. ROBERTSON, shows that on or about October *776 13, 1997, his father, BILLY ROY ROBINSON, was involved in a motor vehicle accident in which he sustained serious injuries and required transportation to West Carroll Memorial Hospital via ambulance.
4.
Plaintiff shows that defendant, WEST CARROLL AMBULANCE SERVICE DISTRICT, or, alternatively, WEST CARROLL VOLUNTEER EMERGENCY MEDICAL SERVICES, INC. (hereinafter simply "WEST CARROLL AMBULANCE SERVICE DISTRICT") dispatched an ambulance to transport Billy Roy Robertson from the accident scene to West Carroll Memorial Hospital.
5.
Plaintiff shows that Billy Roy Robertson was subsequently transported to West Carroll Memorial Hospital via ambulance, where he remained for nearly three hours.
6.
Plaintiff shows that WEST CARROLL AMBULANCE SERVICE DISTRICT then transported Billy Roy Robertson from West Carroll Memorial Hospital to St. Francis Medical Center in Monroe, Louisiana.
In the First Supplemental and Amended Petition which first named West Carroll and Dr. Guinigundo as defendants, Kenneth added the following allegations:
2.
Plaintiff wishes to supplement and amend the original Petition for Damages by adding the following paragraph:
6A.
During said hospitalization at Defendant, WEST CARROLL HOSPITAL, INC., Billy Roy Robertson, was given a physical examination by Defendant, Dr. Noli Guinigundo.
6B.
Plaintiff, KENNETH R. ROBERTSON, shows that Defendants, WEST CARROLL HOSPITAL, INC., and DR. NOLI GUINGUNDO, fell below the standard for adequate health care to Billy Roy Robertson, for the three (3) hour period he was in the care of Defendant, WEST CARROLL HOSPITAL, INC.
3.
Plaintiff wishes to supplement and amend the original Petition for Damages by adding the following paragraph:
8A.
Plaintiff, KENNETH R. ROBERTSON, shows that Defendant, WEST CARROLL HOSPITAL, INC., is liable to Plaintiff for the wrongful death and/or the loss of chance of survival of Billy Roy Robertson, for their negligence in the following particulars, to wit:
a. Failing to provide adequate medical care;
b. Failing to attend to the patient;
c. Failing to adequately monitor the patient;
d. Any and all other acts of negligence or fault which may be shown through discovery or at the trial of this matter.
In the following paragraph, Kenneth repeated the same allegations of amended paragraph 8A against Dr. Guinigundo.
*777 Regarding the form of pleadings required under Louisiana law, La. C.C.P. art. 891 provides that the petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation...." From our review of the petition, as amended, the transaction or occurrence that was the subject matter of Kenneth's claim involved the three-hour time period from Kenneth's arrival at West Carroll after his accident until his admittance at St. Francis Medical Center in Monroe. Notably, the petition does not clearly allege a relationship between Dr. Guinigundo and West Carroll which would serve as the basis of vicarious liability on the part of the hospital as required by the jurisprudence. Moreau v. Landry, 305 So.2d 671 (La.App. 1st Cir.1974); Johnson v. Peerless Ins. Co., 299 So.2d 434 (La.App. 4th Cir.1974); Ford v. Louisiana & A. Ry. Co., 196 So. 403 (La.App. 2d Cir.1940). Instead, it only vaguely implies that since Dr. Guinigundo committed his alleged acts of malpractice while Robertson was in the West Carroll Memorial Hospital, West Carroll was vicariously liable for the doctor's negligence.
In contrast to the allegations of the amended petition regarding the doctor's negligence, Nurse Braun's report to the plaintiff's counsel specifically noted that "you asked me to address the fact that Mr. Robertson was allowed to drive his vehicle after informing these nurses that he had taken a sleeping pill prior to coming to the hospital, and was this appropriate care in this situation." Further, when questioned in her deposition, Nurse Braun stated that she was asked to determine "whether it was within the standard of care for Mr. Robertson to be allowed to leave the hospital after having told them he had taken a sleeping pill."
In this appeal, while Kenneth concedes that West Carroll had no responsibility for the post-accident actions of Dr. Guinigundo, he argues that his pre-accident negligence claims for the nurses' actions were improperly dismissed by the trial court. West Carroll contends that the issue of pre-accident negligence was beyond the scope of the pleadings and not before the court. We agree.
In neither the original nor supplemental pleadings is any mention made of the facts surrounding the pre-accident visit to West Carroll by Robertson. Instead, the clear language of the supplemental petition alleges only that West Carroll and Dr. Guinigundo fell below the standard for adequate health care to Billy Roy Robertson, for the "three (3) hour period" he was in the care of West Carroll. The original petition succinctly describes that three hour period as occurring after the car accident. Thus, even if the pleadings are liberally read, the transaction or occurrence which is the subject of this suit is the post-accident treatment of Robertson.
Under the fact pleading utilized in Louisiana, a party may be granted any relief to which he is entitled under the pleadings and the evidence so long as the facts constituting the claim are alleged. "We the People" Paralegal Services, L.L.C. v. Watley, 33,480 (La.App.2d Cir.8/25/00), 766 So.2d 744. The petition must set forth the facts upon which recovery is based; otherwise the defendant would have neither adequate notice of the allegation nor an opportunity to counter the claim. Howell v. Taylor, 35,279 (La.App.2d Cir.10/31/01), 799 So.2d 1175; "We the People" Paralegal Services, L.L.C., supra; Sledge v. Continental Cas. Co., 25,770 (La.App.2d Cir.6/24/94), 639 So.2d 805. Moreover, mere allegations of negligence cannot form the basis of a cause of action, which must be based on facts from which such *778 conclusions may be drawn. Batson v. Cherokee Beach and Campgrounds, Inc., 428 So.2d 991 (La.App. 1st Cir.1983), writ denied, 434 So.2d 1092 (La.1983).
Here, Kenneth's petition simply fails to factually allege the nurses' acts or connect the alleged negligence of the hospital for the nursing staff's treatment pre-accident. Accordingly, West Carroll received no notice of any claim against it for pre-accident negligence. On these grounds, the trial court correctly concluded that issues of pre-accident negligence of the hospital were not before it on summary judgment. Kenneth's claims are without merit.

Conclusion
The trial court judgment dismissing the claims of Kenneth Robertson against West Carroll Memorial Hospital is affirmed at appellant's costs.
AFFIRMED.