945 So.2d 229 (2006)
James H. KELLY & Londa D. Kelly, Individually and As Natural Tutor of their Minor Children, Wade Kelly, Heath Kelly, and Chance Kelly, Plaintiffs-Appellants,
v.
CITY OF BOSSIER CITY, Defendant-Appellee.
No. 41,705-CA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
*230 Seabaugh, Benson, Keene & Denny by J. Todd Benson, J. Ransdell Keene, Shreveport, for Appellants.
Cook, Yancey, King & Galloway, by Kenneth Mascagni, Shreveport, for Appellee, City of Bossier City.
Gregory S. Barkley, Assistant Attorney General, for Appellee, State of Louisiana, DOTD.
Before BROWN, WILLIAMS, and DREW, JJ.
BROWN, Chief Judge.
The plaintiffs, James Kelly and Londa Kelly, individually and as natural tutor of their minor children, Wade Kelly, Heath Kelly, and Chance Kelly, appeal from a trial court decision granting a motion for summary judgment in favor of defendant, City of Bossier City. For the following reasons, we affirm.

Facts and Procedural Background
On March 23, 2001, James and Londa Kelly and their three children were involved in an automobile accident with Ella Hanna. James Kelly, who was driving northbound on the Arthur Ray Teague Parkway ("the Parkway"), collided with Mrs. Hanna as she drove across the northbound lane of the Parkway while attempting to turn onto the southbound lane from McDade Street (La. Highway 3105).
The Parkway, which is controlled by the City, is intersected by McDade Street, which is controlled by the Department of Transportation and Development ("DOTD"). This is a "T" intersection. At the time of the accident, traffic on McDade was controlled by two stop signs and a flashing red signal or stop light, and traffic on the Parkway was controlled by a flashing yellow signal or caution light.
Passengers in both vehicles required medical attention; however, Mrs. Kelly's condition was much more severe. Mrs. Kelly had to be airlifted to the hospital, where she remained in the intensive care unit for a number of days awaiting surgery.
On January 15, 2002, plaintiffs filed the present suit alleging that the City is liable for damages arising out of breaches of its duty to protect drivers on the Parkway. On December 5, 2005, the City filed a motion for summary judgment, contending that it did not have custody of the Parkway/McDade intersection and therefore could not be liable for any defects. The City also contended that there was no unreasonable risk of harm at the intersection, since sight distances exceeded the standards as set forth by the American Association of State Highways and Transportation *231 Officials ("AASHTO"). In opposition to the motion for summary judgment, plaintiffs contended that the City's liability arose from its custody of the Parkway, not the DOTD's custody of the intersection. More specifically, plaintiffs argued that the City could have: placed additional traffic control devices along the Parkway to warn motorists of the alleged danger presented by the Parkway/McDade intersection; lowered the speed limit along the Parkway; or closed the Parkway.
On March 27, 2006, the trial court granted the City's motion for summary judgment and dismissed plaintiffs' claims against the City. The trial court's holding was partially based upon La. R.S. 32:235(C), which states that "no local municipal or parish authority shall place or maintain any traffic control device upon any state-maintained highway without having first obtained the written approval of the department." From this adverse judgment, plaintiffs have appealed.

Discussion
The plaintiffs contend that the trial court erred in granting the defendant's motion for summary judgment because the City had a duty to warn motorists on the Parkway of the dangerous intersection and to take steps to prevent accidents at that intersection. Plaintiffs also contend that there are genuine issues of material fact as to whether the City breached these duties. Lastly, plaintiffs contend that the trial court erred in relying upon improper summary judgment evidence. This last contention, however, we pretermit discussing since we find that summary judgment is appropriate without relying on any of the disputed evidence.
A motion for summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Once the motion for summary judgment has been properly supported by the moving party, the inability of the non-moving party to bring forth evidence of a material factual dispute mandates the granting of the motion. Racine v. Moon's Towing, 01-2837 (La.05/14/02), 817 So.2d 21; Robertson v. West Carroll Ambulance Service Dist., 39,331 (La. App.2d Cir.01/26/05), 892 So.2d 772, writ denied, 05-0460 (La.04/22/05), 899 So.2d 577. Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Id.; Traweek v. Jackson, 30,248 (La.App.2d Cir.02/25/98), 709 So.2d 867.
No person shall have a cause of action against a public entity for damages due to road defects, unless: (1) the thing that caused his damages was in the defendant's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) the defendant possessed actual or constructive notice of the defect and failed to take corrective actions to remedy the defect within a reasonable period of time; and (4) the defect was a cause in fact of the plaintiff's harm. La. R.S. 9:2800; Johnson v. City of Bastrop, 41,240 (La.App.2d Cir.08/01/06), 936 So.2d 292. The failure of plaintiff to establish any one of these criteria is fatal to his claim. Netecke v. State, Through DOTD, 98-1182 (La.10/19/99), 747 So.2d 489.
In the case sub judice, both parties agree that the Parkway/McDade intersection was not in the City's custody. The intersection, which is the alleged defect, was controlled by the DOTD. Thus, custody being an essential element, it is evident that plaintiffs cannot carry their burden of *232 proof on this element and defendant is entitled to summary judgment as a matter of law.
Plaintiffs, however, alternatively argue that the City did have custody of the Parkway and, thus, as a matter of law, had a duty to protect those motorists traveling on the Parkway. It is their contention that the City should have done more to warn or protect drivers from the inherent dangers posed by the approaching intersection, that is, that the City should have posted signs warning of the intersection, reduced the speed limit, or closed the Parkway. Plaintiffs posit that the accident in this case would not have occurred had such traffic or speed control signage been in place. They, however, do not produce any of evidence to support this contention. When considering only that evidence which is undisputed, it is clear that there was a traffic signal already in place.[1] This signal, operating in flash mode, blinked yellow for cars traveling on the Parkway and red for those on McDade.
It has been well established that a flashing yellow light at an intersection is an indication to reasonable persons that the intersection is more dangerous than ordinary intersections. Salles v. State Farm Mut. Auto. Ins. Co., 395 So.2d 942 (La.App. 2d Cir.1981), writ denied, 400 So.2d 903 (La.1981); Landrum v. New Amsterdam Casualty Co., 149 So.2d 182 (La.App. 3d Cir.1963). Furthermore, a flashing yellow light informs drivers that they should exercise a greater degree of care and vigilance when approaching the intersection. Id.
Plaintiffs argue that, as a matter of law, the City had a duty to do more to protect motorists traveling on the Parkway. This argument, however, does not take into account the fact that there was already a flashing yellow light and flashing red light controlling the intersection; the City pointed this out in support of its motion for summary judgment. Once the City supported its motion with this evidence, the burden shifted to plaintiffs to bring forth evidence showing that there was a genuine issue of material fact as to whether the City had a duty to do more. Plaintiffs not only failed to bring forth evidence demonstrating that the Parkway/McDade intersection was so unreasonably dangerous that additional traffic devices or signage were warranted, they also failed to produce any evidence of a material factual dispute.
Accordingly, because plaintiffs failed to produce any factual support, as required by La. C.C.P. art 966, establishing that they would be able to satisfy their evidentiary burden of proof at trial, the trial court correctly found that there was no genuine issue of material fact. Therefore, summary judgment was properly granted in favor of the City of Bossier City.

Conclusion
For the reasons stated above, we affirm the trial court ruling granting summary judgment in favor of the defendant, City of Bossier City. Costs of this appeal are assessed to the plaintiffs.
NOTES
[1] Plaintiffs contend that, at least in part, all evidence, except for the affidavit of Officer Brian Griffith, is improper summary judgment evidence. Since we find that no genuine issue of material fact exists without the evidence, we need not make a determination as to its admissibility.