Judgment rendered May 18, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,254-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CELCOG, L.L.C. DBA STRAWN'S            Plaintiffs-Appellees
EAT SHOP TOO, MONJUNI'S OF
PORTICO, INC., AIR U
SHREVEPORT, LLC, THE BRAIN
TRAIN, LLC, AND BEARING
SERVICE & SUPPLY, INC.

versus

ADRIAN PERKINS, IN HIS                 Defendant-Appellant
OFFICIAL CAPACITYAS MAYOR
OF THE CITY OF SHREVEPORT,
LOUISIANA

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 624,744

Honorable Craig Owen Marcotte, Judge

* * * * *

CARMOUCHE, BOKENFOHR,                  Counsel for Appellant
BUCKLE & DAY
By: Nichole M. Buckle

LANGLEY & PARKS, LLC                   Counsel for Appellees
By: Glenn L. Langley

* * * * *

Before COX, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.**

Defendant, Adrian Perkins, in his official capacity as mayor of the City of Shreveport, Louisiana, appeals judgments of the First Judicial District Court, Parish of Caddo, State of Louisiana, in favor of plaintiffs, Celcog, LLC, dba Strawn's Eat Shop Too, Air U Shreveport, LLC, The Brain Train, LLC, and Bearing Service & Supply, Inc., granting plaintiffs' motion for attorney fees and awarding them attorney fees in the amount of $36,000. For the following reasons, we affirm the judgments of the trial court.

## FACTS AND PROCEDURAL HISTORY

In response to the COVID-19 pandemic, the governor of Louisiana declared a statewide public health emergency on March 11, 2020. Subsequently, on or about July 8, 2020, the mayor of the City of Shreveport, Louisiana, Adrian Perkins, issued an executive order requiring citizens to wear masks or facial coverings when inside business establishments in Shreveport, Louisiana (the "Mayor's Order"). In response to the Mayor's Order, local businesses Celcog, LLC, dba Strawn's Eat Shop Too, Air U Shreveport, LLC, The Brain Train, LLC, and Bearing Service & Supply, Inc. ("Businesses"), filed a petition for declaratory and injunctive relief, requesting an injunction and temporary restraining order pursuant to La C.C.P. art. 3603.[1] They alleged the enforcement measures contained in the Mayor's Order violated the Louisiana Constitution and Louisiana state law and that Mayor Perkins lacked the authority to make such an order.

Specifically, the alleged constitutional violations were set forth as follows:

---

[1] Monjuni's of Portico, Inc., was initially named as a plaintiff in the petition but was later removed.

COUNT II - RIGHT TO DUE PROCESS OF LAW

41.    The preceding allegations are incorporated in full as if fully set forth.

42.    Article I, Section 2, of the Louisiana Constitution provides that "No person shall be deprived of life, liberty, or property, except by due process of law."

43.    The Order purports to permit enforcement by undefined measures.

44.    The Order threatens to terminate or suspend protected property rights, including utility services, permits, and licenses without due process.

45.    The Order is vague in that it requires determination of whether certain actions are "impractical."

46.    The Order poses a direct conflict with La. R. S. 14:313 and thereby presents citizens with conflicting legal obligations.

COUNT III - EQUAL PROTECTION

47.    The preceding allegations are incorporated in full as if fully set forth.

48.    The Order applies arbitrarily, capriciously, and without rational basis.

COUNT IV - RIGHTS TO FREE EXPRESSION, FREE EXERCISE OF RELIGION. AND TO ASSEMBLE PEACEABLY

49.    The preceding allegations are incorporated in full as if fully set forth.

50.    Article I, Section 7 of the Louisiana Constitution provides: "No Law shall curtail or restrain the freedom of speech or of the press.  Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom."

51.    Article I, Section 8, of the Louisiana Constitution provides: "No law shall be enacted respecting an establishment of religion or prohibiting the free exercise thereof."

52.     Article I, Section 9, of the Louisiana Constitution provides: "No law shall impair the right of any person to assemble peaceably[.]"

2

53. The Order purports to restrict the rights of citizens to assembly peaceably unless they undertake symbolic political activity.

54. The Order purports to command businesses to post signage with political content and/or to condition their right to do business on posting signage with political content.

55. The Order purports to permit large, risky protests without masks while requiring worshipers to wear masks at religious gatherings.

COUNT V - RIGHT TO PRIVACY

56. The preceding allegations are incorporated in full as if fully set forth.

57. Article I, Section 5, of the Louisiana Constitution provides: "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful person or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."

58. Neither the Order nor any purported violation of the Order provides grounds for any fire marshal, police officer, or other government agent to search, inspect, or demand access to any private property.

Thereafter, the trial court issued a temporary restraining order and set the matter for hearing, which occurred on July 20, 2020. The sole issue before the trial court was whether Mayor Perkins had the authority to issue the Mayor's Order. The trial court ultimately held Mayor Perkins lacked the authority to issue the Mayor's Order and that the order was "unconstitutional in that it violates separation of powers and plaintiffs' constitutional rights to due process of law." The trial court converted the previously granted temporary restraining order to a preliminary injunction. The trial court further

3

ordered that the issue of attorney fees remain open. Mayor Perkins did not seek supervisory review of the trial court's judgment.

Businesses subsequently filed a motion for attorney fees, alleging they were entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988 as their petition asserted claims that were actionable under both state and federal law. They asserted that because Louisiana is a fact-pleading state, their allegations of violations of the Louisiana Constitution were sufficient to prove violations of the United States Constitution and that the requisites for an award of attorney fees under 42 U.S.C. § 1988 were met. Mayor Perkins opposed Businesses' motion and argued 42 U.S.C. § 1988(b) was inapplicable because Businesses failed to allege a single violation of the United States Constitution or any other federal statute and failed to assert any other claim arising under federal law. He further noted that had he attempted to remove this case to federal court based upon the applicability of the United States Constitution to Businesses' claims, he would have been unable to do so because Businesses had intentionally and carefully drafted their petition to include only state law claims.

A hearing on Businesses' motion was held on December 14, 2020, where, in addition to the above arguments, Businesses asserted the claims alleged in their petition were sufficient to state a cause of action under federal law because the due process clause of the Louisiana Constitution was merely a codification of the due process clause of the United States Constitution; thus the trial court inevitably must have considered the United States Constitution in determining the constitutionality of the Mayor's Order. By contrast, Mayor Perkins pointed out that the trial court had ruled only on Businesses' state law claims asserted in their petition, not on the basis of any federal law.

4

Thereafter, the trial court granted Businesses' motion. In doing so, it acknowledged Businesses' petition specifically referred to only Louisiana statutes and the Louisiana Constitution but noted the petition also stated Businesses were entitled to relief because "the conduct sought to be restrained is unconstitutional." The trial court held that both the Louisiana and United States Constitutions were at issue in the case and clarified that its prior ruling was that both were violated by the Mayor's Order. A written judgment in accordance with the trial court's ruling was rendered on December 18, 2020. Mayor Perkins filed an application for writ of supervisory review, which was denied by this court on January 28, 2021, and a motion to reconsider, which was denied by the trial court on March 17, 2021.

Following a hearing on the traversal of invoices submitted by Businesses' counsel, additional invoices were provided by Businesses and both sides filed memoranda in support of their argument. Businesses ultimately requested attorney fees of approximately $41,900. Mayor Perkins asserted the attorney fees requested by Businesses were excessive and unreasonable and noted Businesses' counsel incurred significantly more hours of work on the issue of attorney fees than on the merits of the underlying litigation. He further argued that the invoices submitted by Businesses' counsel contained numerous instances of noncompensable work, including duplicative billing and charges for clerical work. Mayor Perkins urged that, in keeping with the applicable Lodestar Method, Businesses' counsel's hourly rate, as well as the hourly rate of any paralegal work, should be reduced and the total number of hours awarded should be reduced to account for the instances of noncompensable work. On the other hand, Businesses argued the hourly rates requested were normal hourly rates charged for established clients, and that the invoices

5

submitted contained only necessary work on the underlying merits litigation and issue of attorney fees. The trial court rendered a written judgment on March 17, 2021, awarding Businesses $36,000 in attorney fees. This appeal by Mayor Perkins ensued.

## DISCUSSION

***Entitlement to Attorney Fees***

In his first assignment of error, Mayor Perkins asserts the trial court abused its discretion in granting Businesses' motion for attorney fees under 42 U.S.C. § 1988(b) because this provision is inapplicable where Businesses' claims were made solely and specifically under the Louisiana Constitution and Louisiana Revised Statutes.

On appeal, Mayor Perkins reiterates his arguments made below—as Businesses' claims were strictly, solely, and specifically made under Louisiana law, their claims are unquestionably state claims, ***not*** actions enforceable under 42 U.S.C. § 1988(b). As there is clearly no basis for federal jurisdiction, it logically follows there would be no basis for an award of attorney fees under a statute that specifically provides for attorney fees only in an action or proceeding to enforce rights under enumerated federal law. Mayor Perkins asserts Businesses, as masters of their claim, made a tactical decision to avoid removal of their case to federal court by confining their allegations to include only those causes arising under state law and the mere fact that claims arising under federal law may have been available to them is not sufficient to trigger the application of 42 U.S.C. § 1988(b).

In response, Businesses first note that as the trial court had concurrent jurisdiction over any federal claims, it acted within its discretion to enforce their rights under 42 U.S.C. § 1983 and by awarding attorney fees pursuant to

6

42 U.S.C. § 1988. They further assert the primary objective of all procedural rules is to secure to parties the full measure of their substantive rights and that the aim of a pleading is threefold: (1) to show that the court is vested with subject matter jurisdiction in a particular case; (2) to set forth the bounds of a controversy; and (3) to allow the parties to explore the issues within the bounds of the controversy. Businesses contend their petition satisfied all three goals of a pleading and note Mayor Perkins obviously considered the bounds of the issue to include federal constitutional claims since in support of his argument that his Mayor's Order was constitutional, he only cited cases interpreting and applying the federal constitution.

Significantly, Businesses argue the trial court did not abuse its discretion in awarding attorney fees under 42 U.S.C. § 1988(b) because Louisiana is a fact-pleading state and they properly and *factually* raised violations of both the Louisiana and U.S. Constitutions, noting the Louisiana Constitution provides the same due process protections as the United States Constitution.

It is well established that Louisiana law utilizes a system of fact pleading wherein no technical forms of pleading are required. The plaintiff need not plead a theory of the case, but only facts that would support recovery. La. C.C.P. art. 854; *Ramey v. DeCaire*, 2003-1299 (La. 3/19/04), 869 So. 2d 114; *Robinson v. Allstate Ins. Co.*, 53,940 (La. App. 2 Cir. 5/26/21), 322 So. 3d 381, *writ denied*, 2021-00906 (La. 10/19/21), 326 So. 3d 264. In order to plead "material facts" within Louisiana's fact-pleading system, the pleader must state what act or omission he will establish at trial. *Miller v. Thibeaux,* 2014-1107 (La. 01/28/15), 159 So.3d 426; *Zimmerman v. Progressive Sec. Ins. Co.*, 49,982 (La. App. 2 Cir. 8/12/15), 174 So. 3d 1230, *writ denied*, 2015-1955 (La. 11/30/15), 184 So. 3d 36. The petition must set

7

forth the facts upon which recovery is based; otherwise the defendant would have neither adequate notice of the allegation nor an opportunity to counter the claim. *Zimmerman*, *supra*; *Robertson v. West Carroll Ambulance Serv. Dist.,* 39,331 (La. App. 2d Cir. 01/26/05), 892 So. 2d 772, *writ denied,* 2005-0460 (La. 04/22/05), 899 So. 2d 577.

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

While the bulk of § 1983 cases are brought in federal court, state courts may also exercise jurisdiction over § 1983 cases pursuant to the principle of concurrent jurisdiction. *Richard v. Bd. of Sup'rs of Louisiana State Univ. and A & M College*, 2006-0927 (La. App. 1 Cir. 3/28/07), 960 So. 2d 953.

As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. *State, Dept. of Transp. & Dev. v. Wagner*, 2010-0050 (La. 5/28/10), 38 So. 3d 240; *Quinlan v. Sugar-Gold*, 53,348 (La. App. 2 Cir. 3/11/20), 293 So. 3d 722, *writ denied*, 2020-00744 (La. 10/6/20), 302 So. 3d 536. 42 U.S.C. § 1988(b) provides for an award of attorney fees only in actions to enforce enumerated provisions of federal law, as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of

8

Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

In *Hughes v. Livingston Parish Sch. Bd.,* 459 So. 2d 10 (La. App. 1 Cir 10/9/1984), *writ denied*, 462 So. 2d 1250 (La. 1985), the plaintiff filed suit in state district court alleging only violations of Article I, Section 3 of the Louisiana Constitution of 1974 and a separate allegation that he was a "victim of discrimination because of his race in that members of his race consist of approximately fifteen percent of the population of Livingston Parish, but there are no black members of the Livingston Parish School Board and that their voting strength is diluted . . ." without reference to the Louisiana or U.S. Constitution and demanded attorney fees. *Id*. at 11. The First Circuit found that there was no contractual basis for attorney fees or any Louisiana statute which would allow attorney fees in an action of this kind based on Louisiana law. *Id*. However, it held that Hughes factually stated a demand for recovery under federal law, specifically 42 U.S.C. § 1983, after alleging discrimination based upon race even without referencing either the Louisiana Constitution or the U.S. Constitution. *Id*.

Here, as in *Hughes*, Businesses' petition clearly contains material facts sufficient to support a demand for recovery under § 1983. The claims made against Mayor Perkins in the original petition were factually based on the Due Process Clause of the Louisiana Constitution which confers "rights, privileges or immunities" within the meaning of 42 U.S.C. § 1983. Whether or not

9

Mayor Perkins could have prevailed in an attempt to remove the matter to federal court is irrelevant as the criteria for removal to federal court and sufficient fact-pleading in a Louisiana state court are simply not the same. Accordingly, since Businesses prevailed on the merits of their claims, having successfully established a violation of the due process clause, they were entitled to the recovery of costs incurred pursuant to § 1988. Furthermore, where a party is forced to litigate payment of a fee to which it is entitled, courts have allowed collection of an additional fee for that work as well. *Quinlan*, *supra*. Thus, the trial court did not err in finding that Businesses are entitled to recover the costs incurred on the issue of attorney fees in addition to those costs incurred on the merits of the underlying litigation. This assignment of error is without merit.

### *Amount of Attorney Fees*

In his second assignment of error, Mayor Perkins asserts the trial court abused its discretion in awarding excessive and unreasonable attorney fees to Businesses where a significant portion of the work expended was unproductive, excessive, redundant, duplicative, or clerical.

Mayor Perkins argues that while the Lodestar Method for calculating reasonable attorney fees requires multiplying the number of hours reasonably expended by a reasonable hourly rate, the hourly rates submitted by Businesses for both attorney and paralegal work are not consistent with the market rates in the Caddo-Bossier Parish legal market. He further claims the total number of reasonable hours expended in this case by lead counsel, associate counsel, and paralegals is clearly excessive. Specifically, Mayor Perkins argues the submitted invoices show Businesses sought to be awarded attorney fees for numerous examples of unproductive, excessive, redundant, duplicative, and

10

clerical hours and that despite his concise and detailed traversal of Businesses' invoices, the trial court failed to reduce the award of attorney fees for numerous instances of unnecessary work by Businesses' counsel and his employees. He acknowledges the trial court did reduce the award by approximately $5,000 but asserts that in doing so, the trial court abused its discretion by failing to account for the numerous examples of unproductive, excessive, redundant, duplicative, and clerical hours provided by Businesses. According to Mayor Perkins, the trial court's reduction is simply insufficient.

Businesses, on the other hand, assert the trial court did not abuse its discretion in the amount of attorney fees awarded, noting the trial court reviewed all evidence in the record, applied the Lodestar Method, and exercised its great discretion to reduce the amount of fees awarded. Businesses further argue fees awarded under 42 U.S.C. § 1988(b) include time spent on related matters, such as enforcement of the successful claim.

The U.S. Supreme Court established in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), that the initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, otherwise known as the "lodestar method." A "reasonable hourly rate" is to be calculated according to the prevailing market rates in the relevant community. *Covington v. McNeese State Univ.*, 2012-2182 (La. 5/7/13), 118 So. 3d 343, 348. A reasonable attorney fee is determined by the facts of an individual case. *Cupit v. Hernandez*, 45,670 (La. App. 2 Cir. 9/29/10), 48 So. 3d 1114, *writ denied*, 2010-2466 (La. 12/17/10), 51 So. 3d 7. The trial court is vested with considerable discretion in setting attorney fees and will not be

11

disturbed absent an abuse of that discretion. *Knight v. Tucker*, 52,438 (La. App. 2 Cir. 1/16/19), 263 So. 3d 625.

Here, the record clearly shows that the trial court did not arbitrarily calculate the amount of reasonable attorney fees to award Businesses. Instead, it is evident that the trial court reviewed the evidence presented, and upon consideration of such evidence, saw fit to reduce the amount requested by Businesses. The trial judge in fact stated on the record that he had "gone through everything and I've calculated it," and further explained he was reducing the award after finding "some duplication" and "more clerical stuff." The trial court was in the best position to consider the facts and criteria for determining the reasonableness of an attorney fee award. Based upon our own review of the record, the trial court did not abuse its vast discretion in the amount of attorney fees awarded in this case. This assignment of error is without merit.

Businesses did not file an answer to the appeal, yet in brief they ask this court to award an additional amount of attorney fees for work done in conjunction with this appeal. An appellee who neither appeals from the trial court's judgment nor answers an appeal is not entitled to additional attorney fees for legal services rendered on appeal. La. C.C.P. art. 2133; *Trejo v. Canaan Constr., LLC*, 52,697 (La. App. 2 Cir. 6/26/19), 277 So. 3d 499; *RSI Bldg. Prod., LLC v. Advantage Roofing & Constr. of Louisiana, Inc.*, 51,987 (La. App. 2 Cir. 5/23/18), 248 So. 3d 601. *See also*, *Hughes v. Cap. City Press, L.L.C.*, 2021-0201 (La. App. 1 Cir. 12/7/21), 332 So. 3d 1198, *writ denied*, 2022-00023 (La. 2/22/22), 333 So. 3d 444.

**CONCLUSION**

For the foregoing reasons, the trial court's judgments in favor of Plaintiffs, Celcog, LLC, dba Strawn's Eat Shop Too, Air U Shreveport, LLC, The Brain Train, LLC, and Bearing Service & Supply, Inc., are affirmed.  In compliance with La. R.S. 13:5112, costs in the amount of $2,011.58 are assessed to Defendant, Adrian Perkins, in his official capacity as mayor of the City of Shreveport, Louisiana.

**AFFIRMED.**