973 So.2d 847 (2007)
Carolyn HUBBARD as the Administratrix of the Estate of Rebecca Smith, Decedent, Plaintiff-Appellant
v.
NORTH MONROE MEDICAL CENTER and Dr. Hayan Orfaly, Defendants-Appellees.
No. 42,744-CA.
Court of Appeal of Louisiana, Second Circuit.
December 12, 2007.
*848 Teresa Culpepper Carroll, Jonesboro, for Appellant.
Ungarino Eckert, LLC, by Brian D. Smith, Christopher C. Broughton, Shreveport, for Appellee, North Monroe Medical Center.
Nelson, Zentner, Sartor Snellings, LLC, by David H. Nelson, Monroe, for Appellee, Dr. Hayan Orfaly.
Before BROWN, WILLIAMS, and MOORE, JJ.
BROWN, Chief Judge.
In the summer of 2003, Rebecca Smith, age 69, suffered from a plethora of medical conditions including diabetes mellitus, hypertension, dementia, and end-stage renal disease. On July 11, 2003, she was admitted to North Monroe Medical Center ("NMMC") for the removal of an infected dialysis shunt which had been implanted in Houston. The shunt was excised and replaced with a Tessio catheter. During her stay in NMMC, Rebecca Smith developed bilateral decubitus ulcers. A central IV access port had been inserted for administering antibiotics. Rebecca Smith was discharged on August 15, 2003. The IV access port should have been removed at discharge; however, it was not. Six days later, on August 21, 2003, Ms. Smith returned to NMMC, and the access port was removed.
Carol Hubbard as administrator of Rebecca Smith's estate filed a petition for a medical review panel on July 9, 2004. The petition contained allegations that both NMMC and Dr. Hayan Orfaly, her treating physician at NMMC, deviated from the standard of care in their treatment of Rebecca Smith.
In an opinion dated August 29, 2006, the medical review panel ruled in favor of defendants, finding that neither NMMC nor Dr. Orfaly had deviated below the applicable standard of care. Thereafter, plaintiff filed a petition in district court on December 4, 2006. NMMC filed an answer on January 11, 2007. Dr. Orfaly filed a motion for summary judgment on February 2, 2007, and NMMC filed a motion for summary judgment on February 22, 2007. Both motions urged that summary judgment was proper based upon plaintiff's failure to present any expert evidence concerning a breach of the standard of care. Actually, petitioner did present an affidavit from a "physician" on the date of the hearing on the summary judgment motion.
The summary judgment motions were heard on March 28, 2007. That morning *849 plaintiff filed an opposition and an affidavit from Dr. Roderick Boyd. Noting that these filings were untimely, the trial court refused to consider them and rendered summary judgment in favor of defendants. After securing new counsel, plaintiff filed the instant appeal. After considering the late filings and, in particular, the, affidavit of plaintiffs expert, we affirm the trial court's grant of summary judgment in favor of defendants.

Discussion
Louisiana Code of Civil Procedure article 966(B) provides that affidavits and memorandum opposing summary judgment must be served pursuant to La. C.C.P. art. 1313 at least eight days prior to the hearing unless the Rules for Louisiana District Courts provide to the contrary. While observing the strict time limitation established by article 966(B), in Buggage v. Volks Constructors, 06-0175 (La.05/05/06), 928 So.2d 536, the supreme court indicated that trial courts have discretion as to whether to allow late-filed oppositions or affidavits. Specifically, the court in Buggage stated that affidavits not timely filed can be ruled inadmissible and that the trial court "acted within its discretion" in excluding the opposition under the facts and circumstances presented. Id. at 536.
This court has ruled that, trial courts have discretion to consider affidavits served after the time prescribed by La. C.C.P. art. 966(B). See Jones v. State, 42,034 (La.App. 2d Cir.04/25/07), 956 So.2d 103, writ denied, 07-1113 (La.09/14/07), 963 So.2d 1000; Debrun v. Tumbleweeds Gymnastics, Inc., 39,499 (La.App. 2d Cir.04/06/05), 900 So.2d 253. See also Savoie v. Savoie, 03-893 (La.App. 5th Cir.12/30/03), 864 So.2d 742; Kops v. Lee, 03-1407 (La.App. 4th Cir.03/31/04), 871 So.2d 1187.
In this case, the trial court found that the time limits for opposing a summary judgment motion were mandatory and stated, "I would prefer to have more flexibility, more leeway in these matters." It is apparent that the trial court wanted to allow the filings but believed he had no discretion.
Fundamental fairness dictates that a party opposed to a motion for summary judgment must be given a reasonable opportunity for discovery before the motion is heard. Although the medical review process had been lengthy, this action was filed in December 2006, and the summary judgment motions were filed in February and heard in March of 2007. The circumstances indicate that petitioner showed a "probable injustice" and a lack of a "fair opportunity" to present her claim. See Peters v. Hortman, 03-2597 (La.App. 1st Cir.10/29/04), 897 So.2d 131, a similar case wherein the appellate court quoted, "[T]o allow the judgment below to stand would be to permit technical pleading rules to triumph over/actual justice." Thus, we would allow the late filings in opposition to defendant's summary judgment motions.
However, we do not find that the affidavit of plaintiffs expert would warrant reversal of the trial court's summary judgment ruling. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730.
*850 A plaintiff in a medical malpractice action must establish the applicable standard of care, a breach of this standard of care, and a causal connection between the breach and resulting injury. La. R.S. 9:2794(A); Pfiffner v. Correa, 94-0924 (La.10/17/94), 643 So.2d 1228; Lowrey v. Borders, 41,852 (La.App. 2d Cir.03/07/07), 954 So.2d 238. To meet this burden of proof, the plaintiff is generally required to produce expert medical testimony. Id.
In the instant case, defendants supported their motions with a certified true copy of the medical review panel report and opinion. Dr. Orfaly also submitted an affidavit in which he stated that "[Rebecca Smith's] claim has been reviewed by a medical review panel, consisting of three physicians, who unanimously found that Appearer did not breach the standard of care in his treatment of Rebecca Smith. Appearer agrees with the panel's finding and further, is of the opinion that his treatment of Ms. Smith was appropriate and proper in all respects."
The affidavit in opposition to the summary judgment motions is unenlightening. It simply states the expert's name, Dr. Roderick Boyd, without any elaboration as to his training, experience or area of specialization. In particular, Dr. Boyd asserts only that he is a "physician" and that he reviewed Rebecca Smith's medical records. Dr. Boyd then concludes that:
Ms. Smith developed bilateral decubitus ulcers while in the hospitalThere was no documentation in the chart where this was present or prior to her hospitalization, as well as not documented upon dischargeMs. (Smith) received decubitus as a result of neglect (not being moved or turned adequately)Due to the lack of documentation upon admittance as well as discharge this is an extreme breach of care. (Emphasis added).
The opinion of the medical review panel may be considered by a court when ruling on a summary judgment motion. See Lowrey v. Borders, 41,852 (La.App. 2d Cir.03/07/07), 954 So.2d 238; Henderson v. Homer Memorial Hospital, 40,585 (La. App. 2d Cir.01/27/06), 920 So.2d 988, writ denied, 06-0491 (La.05/05/06), 927 So.2d 316.
Courts have not, in all cases, required, in addition to the medical review panel opinion, affidavits or depositions from physicians who have served on the medical review panel. See Lowrey, supra; Hinson v. Glen Oak Retirement Home, 34,281 (La. App. 2d Cir.12/15/00), 774 So.2d 1134. Nonetheless, in many instances, such affidavits or depositions have been utilized. See Robertson v. West Carroll Ambulance Service District, 39,331 (La.App. 2d Cir.01/26/05), 892 So.2d 772.
Dr. Boyd's affidavit does not address the discharge of Rebecca Smith with the central line still in place. The medical review panel found that "the patient did subsequently present to the emergency room for removal of the catheter. It was removed without incident and there were no complications. The patient suffered no injury as a result of having the line in place for an additional six days."
The medical review panel agreed that Rebecca Smith "should have been considered to be at high risk for the development of pressure ulcers while hospitalized there" and that "[D]ocumentation was poor at the hospital." It noted, however, that a decubitus ulcer was first noted on her sacrum and heels on July 21, 2003, and appropriate measures were undertaken for its treatment and monitoring. In particular, Ms. Smith was protected with multipodus boots and engaged in physical and occupational therapy. The panel noted that upon discharge Ms. Smith was assessed by a *851 home health agency. At no time did. Ms. Smith's ulcers progress to stage III. The panel concluded that the development of decubitus ulcers is not "an uncommon occurrence in high risk patients such as Ms. Smith." The hospital protected Ms. Smith and she received proper therapy.
The affidavit of petitioner's expert does not address the treatment received by Ms. Smith. It concludes only that the lack of thorough charting somehow proved that she was not "moved or turned adequately." Even had the trial court allowed this affidavit, the tribunal would have reached the same conclusion: plaintiff lacks expert evidence which would establish a breach of the applicable standard of care. Summary judgment and the trial court's ruling is affirmed.

Conclusion
For the reasons set forth above, the trial court's judgment granting summary judgment in favor of defendants, North Monroe Medical Center and Dr. Hayan Orfaly, is hereby affirmed.
MOORE, J., concurs with written reasons.
MOORE, J., concurs.
I respectfully concur, but only in the majority's ultimate decision to affirm the judgment. I would not hold that the learned district court judge abused his discretion in refusing to consider an affidavit offered long after the time limits of La. C.C.P. art. 966 B and District Court Rule 9.9(b) had expirednot filed, in fact, until the morning of the hearing on the motion for summary judgment. The proper procedure would have been for Ms. Hubbard to seek a continuance and show a "good ground therefor." La. C.C.P. art. 1601. Because she failed to do so, the district court had no opportunity to exercise discretion, and properly refused the offering under Buggage v. Volks Constructors, XXXX-XXXX (La.5/5/06), 928 So.2d 536; Higginbotham v. Rapides Foundation, 07-538 (La.App. 3 Cir. 10/31/07), 968 So.2d 1226. Notably, most of the cases cited by the majority for disregarding art. 966 B and Rule 9.9(b) predate the supreme court's pronouncement in Buggage, and the one subsequent case does not even mention it. I would not weigh the substance of Dr. Boyd's affidavit, as the majority is constrained to do, but hold that the district court properly Excluded this untimely filing and granted summary judgment under La. C.C.P. art. 967 B. I therefore concur.