STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1005

RICHARD J. GUILLORY, SR.

VERSUS

DR. MICHAEL CHAPMAN, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 228,106
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Amy, J., dissents and assigns written reasons.

George C. Aucoin, Attorney at Law
3500 N. Hullen Street
Metairie, LA 70002
Counsel for Plaintiff-Appellee:
    Richard J. Guillory, Sr.

Donald L. Hyatt, Attorney at Law
Energy Centre, Suite 2960
1100 Poydras Street
New Orleans, LA 70163
Counsel for Plaintiff-Appellee:
    Richard J. Guillory, Sr.

David R. Sobel, Attorney at Law
Jeremy C. Cedars, Attorney at Law
P.O. Drawer 1791
Alexandria, LA 71309-1791
Counsel for Defendants-Appellants:
    Dr. James Fambro, Dr. Michael Chapman, and
    Christus St. Frances Cabrini Hospital

**PAINTER, Judge.**

Plaintiff, Richard J. Guillory, Sr. (hereinafter referred to as "Plaintiff"), the surviving parent of the decedent, Richard J. Guillory, Jr. (hereinafter referred to as "Richard"), appeals the trial court's grant of summary judgment in favor of the defendant healthcare providers in this medical malpractice action. Finding that the trial court erred in striking the affidavit of Plaintiff's expert for the following reasons, we reverse the summary judgment and remand the matter for trial on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's son, Richard, became ill in June of 2002. At that time, Richard was twenty-one years old and had a history of substance abuse. In the month preceding his death on July 1, 2002, Richard left a detoxification facility against medical advice (AMA) and presented to several different emergency rooms with various complaints, including lower back pain after lifting a washing machine, fever, and sore throat. Specifically, on June 8, he left the Joseph R. Briscoe Alcohol and Drug Abuse Center AMA after only one day of treatment. On June 24, he was treated at CHRISTUS St. Frances Cabrini Hospital (CSFCH) in the emergency department by Dr. James Fambro, diagnosed with lumbosacral strain with muscle spasm, given Tylenol and Toradol, and prescribed Flexeril and Panlor. The next day, June 25, Richard was treated by Dr. Michael Chapman, again in the emergency department at CSFCH, and diagnosed with strep pharyngitis. He was given a prescription for Amoxil. Only fifteen minutes after leaving CSFCH on June 25, Richard presented to the emergency room at Rapides Regional Medical Center (RRMC). He did not mention that he had just been seen at CSFCH and complained only of back pain. He was diagnosed by Dr. Deepak Sharma with acute myofascial lumbar strain. He was given an injection of Demerol and Phergan and discharged in stable condition. Two days later, on June 27, he was found to be unresponsive in his home and was taken by EMS to RRMC. He was admitted to ICU with a diagnosis of cardiopulmonary arrest, with successive resuscitation, likely secondary to tricyclic intoxication verus sepsis. An EEG

1

performed on July 1, 2002, revealed brain death. The autopsy report listed the cause of death as mixed drug intoxication.

Plaintiff requested the formation of a medical review panel relative to his complaint against Dr. Fambro, Dr. Chapman, CSFCH, Dr. Sharma, and RRMC in connection with the death of his son. The medical review panel found in favor of the healthcare providers, specifically finding that there was no beach in the applicable standard of care by any of the healthcare providers.

This lawsuit was then filed against Dr. Fambro, Dr. Chapman, and CSFCH. Dr. Sharma and RRMC were not named as defendants. Defendants collectively filed a motion for summary judgment on the ground that Plaintiff could not meet his burden of proof based on the fact that Plaintiff had no medical expert. In opposition to the motion, Plaintiff submitted the affidavit of Dr. Terrance L. Baker. Defendant contended that the affidavit was not timely filed and should not be considered by the trial court. The trial court agreed and granted Defendants' motion for summary judgment. Plaintiff then filed a motion for new trial which was denied. Plaintiff now appeals, asserting that the trial court erred in refusing to admit and consider Dr. Baker's affidavit and in denying his motion for new trial. For the reasons that follow, we find that the trial court erred in striking the affidavit of Dr. Baker and reverse the summary judgment in favor Defendants.

## DISCUSSION

It is well settled that:

> We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists.

*Simien v. Med. Protective Co.*, 08-1185, p. 4 (La.App. 3 Cir. 6/3/09), 11 So.3d 1206, 1209, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117.

2

Furthermore, La.Code Civ.P. art. 966 provides, in pertinent part, that:

B.    The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

Thus, the standard of review requires this court to look at "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" to determine whether there is a genuine issue of material fact. *MacFadden v. Ochsner Clinic Found.*, 08-91 (La.App. 5 Cir. 10/28/08), 998 So.2d 161.

Louisiana Code of Civil Procedure art. 966(B) provides that affidavits submitted in opposition to a motion for summary judgment must be served at least eight days prior to the date of the hearing. In this instance, the hearing on Defendants' motion for summary judgment was scheduled for February 9, 2009, and re-fixed for March 9, 2009, upon the request of Plaintiff's counsel, who had a conflict with the first hearing date. Thus, the date for submission of Plaintiff's opposition was March 1, which was a Sunday. Therefore, pursuant to La.Code Civ.P. art. 5059, the deadline was March 2, 2009. On that date, Plaintiff filed an opposition to the motion for summary judgment which included an affidavit of his expert witness, Dr. Baker. The opposition was hand delivered to Defendants. The affidavit of Dr. Baker, although signed by the witness, was not notarized. The next day, March 3, Plaintiffs filed the notarized affidavit of Dr. Baker in the record and faxed a copy of the notarized affidavit to counsel for Defendants.

On the day of the hearing, Defendants objected to the affidavit of Dr. Baker on the ground that it was not timely filed and asked that it be stricken. Plaintiffs argued that an act of God, a snow storm in the Baltimore area where Dr. Baker lived,

3

prevented them from timely obtaining the notarized affidavit. The trial court agreed with Defendants and found the affidavit inadmissible.

"[T]rial judges have discretion, absent prejudice to the moving party, to consider affidavits opposing summary judgment served after the time prescribed by the article." *Debrun v. Tumbleweeds Gymnastics, Inc.*, 39,499, p. 9 (La.App. 2 Cir. 4/6/05), 900 So.2d 253, 259.[1] Moreover:

> While observing the strict time limitation established by article 966(B), in *Buggage v. Volks Constructors*, 06-0175 (La.05/05/06), 928 So.2d 536, the supreme court indicated that trial courts have discretion as to whether to allow late-filed oppositions or affidavits. Specifically, the court in *Buggage* stated that affidavits not timely filed can be ruled inadmissible and that the trial court "acted within its discretion" in excluding the opposition under the facts and circumstances presented. *Id*. at 536.

In *Hubbard v. N. Monroe Med. Ctr.*, 42,744 (La.App. 2 Cir. 12/12/07), 973 So.2d 847, *writ denied*, 08-101 (La. 3/7/08), 977 So.2d 907, even though Hubbard filed her opposing affidavit on the morning of the hearing, the second circuit found that the trial court could consider the late-filed affidavit. The second circuit, however, ultimately affirmed the grant of summary judgment in favor of the healthcare providers in that case, even considering the affidavit of Hubbard's expert, as it found said affidavit "unenlightening."

In this case, Defendants have not alleged that they were prejudiced by the late-filed affidavit. We agree with *Peters v. Hortman*, 03-2597, p. 7 (La.App. 1 Cir. 10/29/04), 897 So.2d 131, 136, *writ denied*, 04-2923 (La. 2/4/05), 893 So.2d 885 (quoting *Lamb v. Lamb*, 430 So.2d 51, 54 (La.1983)) that "[t]o allow the judgment below to stand would be to permit technical pleading rules to triumph over actual justice." In *Peters*, also a medical malpractice case, the plaintiff identified an expert witness in opposition to the defendants' motion for summary judgment and submitted

---

[1]We note that the summary judgment in this case was rendered after the 2003 amendment to La.Code Civ.P. art. 966 which substituted "eight days prior to the date of the hearing unless the Rules for the Louisiana District Courts provide" for "four days prior to the date of the hearing unless there are local rules of court" in the third sentence of paragraph B.

the expert's report in the form of a letter rather than an affidavit. The report was submitted at the hearing on the motion for summary judgment. The court granted the motion for summary judgment in favor of defendants, and the plaintiffs filed a motion for new trial including a properly executed affidavit of their expert. The motion for new trial was denied. The court of appeal found that the trial court did not err in granting the motion for summary judgment based on the evidence before it but erred in denying the motion for new trial, finding that the affidavit was "of sufficient evidentiary quality that it could possibly affect the trial court's decision with regard to Dr. Hortman's motion for summary judgment." *Id*. at 136. The court of appeal reversed the trial court's denial of the motion for new trial and remanded the matter for further proceedings.

Thus, we find that the trial court abused its discretion in refusing to admit or consider the affidavit of Dr. Baker. And, having so found, we must now consider the merits of the summary judgment.

If there exists a genuine issue of material fact, summary judgment was inappropriate. A material fact is one whose existence or nonexistence is essential to plaintiff's cause of action under the applicable theory of recovery. Thus, facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730.

Dr. Baker was of the opinion, after reviewing Richard's medical records, that Richard presented with "a serious underlying medical condition that was progressive in nature and would ultimately result in the patient's death without appropriate intervention and treatment." Dr. Baker went on to opine that Dr. Fambro, Dr. Chapman, and CSFCH caused a delay in correct diagnosis, created confusion as to the correct cause of Richard's symptoms, and that these breaches in the standard of care resulted in the progressive development of the underlying medical condition which proximately resulted in Richard's death. This is in direct contradiction of the medical review panel opinion finding no breaches in the standard of care. If accepted

5

by the trier of fact, Dr. Baker's opinion would be sufficient evidence of causation to allow the plaintiff to prevail on the merits. Thus, we find genuine issues of material fact as to the breach of the applicable standard of care and as to the issue of whether any breach resulted in Richard's death.

**DECREE**

For all of the foregoing reasons, the judgment is reversed, and the matter is remanded for trial on the merits. All costs of this appeal are assessed to Defendants-Appellees, Dr. James Fambro, Dr. Michael Chapman, and Christus St. Frances Cabrini Hospital.

**REVERSED AND REMANDED.**

NUMBER 09-1005

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

RICHARD J. GUILLORY, SR.

VERSUS

DR. MICHAEL CHAPMAN, ET AL.

AMY, J., dissenting.

I disagree that a reversal is appropriate. The transcript from the hearing and the trial court's written reasons indicate that the trial court considered the plaintiff's late filing of the affidavit and specifically chose to adhere to the mandatory language of La.Code Civ.P. art. 966(B)(2). It did so after being informed that the plaintiff's counsel knew the expert for years and after observing that the matter was six years old. In short, I do not see how a reviewing court can find it to be an abuse of discretion when the trial court chooses to follow the law after careful consideration of the underlying facts.

Accordingly, I respectfully dissent.